Manly, J.
 

 We concur with the Court below, in the opinion that this action cannot be sustained. The justices cannot be held responsible, either in criminal prosecutions or civil actions for deficiencies in the public highways and bridges.' — - They are charged with certain duties in respect to them, but when these are performed, their office ceases, and the overseers and contractors are responsible to the country and to citizens.
 

 That they are not criminally responsible, except for the non-performance of the specific duties assigned them by law, is decided by the case of
 
 The State
 
 v.
 
 The justices of Lenoir,
 
 
 *187
 
 4 Hawks, 194; and that they are not responsible at all, in civil actions to the citizens of the country, is also settled by authority, and the uniform practice of the State.
 

 We content ourselves with referring to the work of Angel and Durfee on highways, sec. 286, and the cases there cited, which was called to our attention by the defendant’s counsel, in the argument.
 

 In some of the States it seems provision has been made, subjecting parishes, townships, counties and the like,
 
 quasi
 
 corporal ions to a limited responsibility by civil action, but it is well settled that there is no such-redress at common law.- — ■ The reasons given are, that it is a public matter, and ought to be reformed by presentment; and that corporations of that class have no treasury at their disposal, out of which they could pay damages and no power to provide any.
 

 The justices, as a municipal body in our system, act only through the medium of a majority of its members, and their actions, when done, bind the body as such, and not the individuals of whom it is composed. So their refusal or neglect to act would be the refusal or neglect of the body, and render it alone responsible. How is satisfaction of a judgment, against such a body, to be obtained.
 

 Heretofore, in North Carolina, redress against the justices for misconduct or omission of duty, has been sought through the writ of mandamus. Besort to this process is based upon the assumption that there is no other legal remedy, for it is only proper in that case, as is shown in the
 
 State
 
 v. Jones, 1 Ired., 129 ; and the
 
 State
 
 v.
 
 The justices of
 
 Moore, 2 Ired., 430. The many cases of mandamus, found in our reports, to compel justices to perform their duties are, therefore, so many judgments of our courts, by a necessary implication that the remedy, by private action, was not open to the citizen.
 

 The novelty of this action is evidence against it. Although, as alleged, it belongs to the common law rights of action, it is without precedent so far as we know.
 

 Per Curiam,
 

 Judgment affirmed.