### JOSEPH W. MARSHALL v. R. L. HASTINGS ET AL.

(Filed 7 November, 1917.)

**Roads and Highways — Road Commissioners — Condemnation—Damages—Individual Liability—Statute.**

> The action of the road commissioners in meeting as a board and adopting a route through plaintiff's land and appropriating it for a public road is a legal condemnation and appropriation of the land for a public use; and where the board has not exceeded the authority conferred by statute, no liability can attach either to the county or to its individual members, for the plaintiff's remedy is in accordance with the procedure provided by the statute, which affords adequate compensation for the damages sustained by him. Chapter 20, Public Laws of 1917.

CIVIL ACTION, heard by *Stacy, J.,* upon report of referee and exceptions thereto by plaintiff, at May Term, 1917, of FORSYTH.

His Honor overruled the exceptions and sustained the judgment of the referee dismissing the action.

*William T. Wilson and J. E. Alexander for plaintiff.*
*Benbow, Hall & Benbow and Hastings, Stephenson & Whicker for defendant.*

BROWN, J. This action is brought to recover damages against the defendants individually and personally for injuries suffered by plaintiff by reason of the construction of a public road through his lands.

It appears from the report of the referee that the defendants were the legally elected and qualified Board of Road Commissioners for the county of Forsyth under chapter 20 of the Public Laws of North Carolina of 1907, and as such board were authorized and empowered by law to take the plaintiff's land and to construct the road through his farm. It further appears that the route through plaintiff's farm was adopted and the land appropriated for the public road at a regular meeting of the Board of Road Commissioners. That constituted a legal condemnation and appropriation of the land for a public purpose. *S. v. Jones,* 39 N. C., 614.

There is no finding or evidence whatever that defendants acted in excess of the authority conferred by the statute. The statute creating the board and conferring upon it powers of eminent domain provides an adequate remedy for compensation for all injuries sustained by landowners whose property is taken and provides a method of procedure. It is plaintiff's fault that he has not pursued the remedy provided by the statute.

It is manifest that under well-settled principles of law defendants are not personally liable, and that this action was properly dismissed. *Fore v. Feimster,* 171 N. C., 551; *Hipp v. Farrell,* 173 N. C., 91, S. E., 831; *Templeton v. Beard,* 159 N. C., 63.

Affirmed.