*D. D. Dykeman*, for appellants.

*D. D. Pratt* and *D. P. Baldwin*, for appellee.

———————————o———————————

## Baker and Others *v*. The State.

Common Council.—Liability of Members.—The members of the common council of a city are not liable either civilly or criminally for acts done by them as such, in the exercise of a discretion confided to them by law, unless they act corruptly.

APPEAL from the *Vanderburgh* Common Pleas.

Gregory, J.—Prosecution by affidavit and information against the appellants for maintaining a nuisance. Motion to quash overruled; trial by the court; finding of guilty. Motions for a new trial and in arrest of judgment overruled, and judgment upon the verdict, with an order that the structure which was the subject of the prosecution, a market-house, be taken down and removed.

The affidavit and information are identical in their allegations, and charge that ever since the year 1840, there have

been, and still are, two streets in the city of *Evansville*, which were and are public highways for the travel of citizens on foot, on horseback, and with wagons and carriages; that one of said streets, viz., *Walnut* street, extends from *Water* street across *Fourth* to *Seventh* street; that the other, viz., *Fourth* street, extends along *Walnut* beyond *Oak;* that said streets were duly and legally dedicated to public use by the owner of the land upon which they are situated, at the time that part of the city was laid off into lots, to-wit, before 1840, by a duly recorded plat, upon which they were designated as public streets; that the city of *Evansville*, being a municipal corporation, has injuriously and unlawfully erected upon *Fourth* street a market house, 300 feet in length and 27 feet wide, and has placed in said street certain market-benches and stands, and hay-scales, whereby it has become impossible for citizens to pass from one side of *Fourth* street to the other, on foot, on horseback, or with vehicles, except at two narrow passages or openings; that said city has, until this time, unlawfully kept and maintained said market house, hay-scales and benches, in and upon said street, thereby preventing travel along and across the same; that on the 4th day of *May*, 1866, and every day since, the defendants, being then and there members of the common council of said city, did unlawfully continue and maintain, and did then and there unlawfully aid, assist and abet the said city of *Evansville* to continue and maintain, as aforesaid, the said obstruction and nuisance in the said street, to the great damage, &c.

The causes assigned for a new trial were, that the finding of the court was contrary to law, and contrary to the evidence; and that the court erred in refusing to permit the defendants to give certain evidence of authority to maintain the market house.

The bill of exceptions contains the evidence, which is in substance as follows: That in 1819 the donation enlargement, embracing the place where the market house is situated, was, by a duly acknowledged and recorded plat, laid off into

lots, streets and alleys, by the proprietors; that by said act they duly and legally dedicated to the public use, as highways or streets, *Fourth* street and *Walnut* street, according to the description thereof in the information, and that said streets are designated in said plat as being sixty feet wide; that the language of said proprietors, indorsed upon and recorded with the plat, was, "the streets are given to the public to be kept as public highways;" that there is a market house situated in the middle of *Fourth* street, in the city of *Evansville*, between *Locust* and *Walnut*, the length thereof being 300 feet, the whole length of the front of one block; that it is 32 feet in width; that it is built upon brick pillars, roofed and boarded up between, so that no one can cross *Fourth* street between the two ends of the market house, except through two spaces of equal distance, left for footmen only; that the platform and benches extend into the middle of *Fourth* street, from *Walnut* to near *Chestnut* street, the next street above, and occupy a space of 15, 9-12 feet in width; that the city authorities, by proceedings duly had, widened *Fourth* street from *Locust* to *Chestnut*, till it is 100 feet wide, including the space occupied by the market house; that there is on each side of said market house a street or space in *Fourth* street of 32 feet in width, and on each side of the benches 42 feet in width. The benches are continuous wooden benches, two and one-half feet high, which are used to exhibit vegetables, and form an obstruction to carriages or other vehicles crossing *Fourth* street from *Walnut* to near *Chestnut* street, and to footmen, except they step over the benches, or as they pass through a small passage way near the middle. *Walnut* street is not obstructed by either market house or benches; the hay-scales are in it, but do not hinder wagons from passing along it across *Fourth* street, as wagons can run over the platform.

The street was widened, and the first market house built, by order of the common council of the city in 1849, and there have been markets kept there ever since, three mornings in each week, which are conducted under the ordi-

nances and regulations of the city council; that for the last eighteen months especially, and all the time since *April*, 1866, for three mornings in each week, there has been placed in *Fourth* street a row of wagons on each side of said benches, and extending from *Locust* to and above *Chestnut* street, which prevented the use of *Fourth* for travel, except upon the side walk; that the market people usually come in the night, and remain with their wagons and horses till eight o'clock the next day; that the noise of the horses and market people through the night, and the stench of the horses, prove an annoyance to the inhabitants along *Fourth* street between *Walnut* and *Chestnut*, where prosecuting witness and others reside; that this use of *Fourth* street as a market injuriously affects the value of real estate fronting on that street for residences, but is beneficial for business purposes, for which the property opposite the market house, between *Locust* and *Walnut* streets, is used; that the defendants were, from *April*, 1866, to the commencement of this prosecution, the mayor and common council of the city of *Evansville*, and in their official capacity, and not otherwise, authorized the use of the market as above, passed orders and gave directions as to renting stalls and benches, received the report of the market master, showing collections from that source, and directing the payment thereof into the city treasury; and that more than two-thirds of all the owners of the lots on both sides of the street opposite the market house, presented to and filed with the common council their petition and assent in writing, requesting and authorizing the continuance of said market house.

The question argued by counsel as to the sufficiency of the affidavit and information is settled by this court in *Burke* v. *The State*, *ante* p. 427.

We think, however, that the court below erred in overruling the motion for a new trial. The appellants were, at the time of the acts complained of, members of the common council of the city of *Evansville*, and had the power

under their charter, (Local Acts 1846—7, p. 3,) to erect and establish "market houses" and "market places," to regulate the streets, alleys and side-walks, to improve and repair the same, and to alter, contract, or widen, or discontinue any street or alley. The appellants, as members of the common council, were in the exercise of a discretion given them by law. In such case, there is no individual liability, either civilly or criminally, unless they acted corruptly. *Weaver* v. *Devendorf, et al.*, 3 Denio 117; *Vail* v. *Owen*, 19 Barb. 22; *Landt* v. *Hilt, id.* 283. There was no evidence tending to show that they acted corruptly.

The judgment is reversed, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*C. Baker* and *A. Iglehart*, for appellants.