VENNIE TEMPLETON v. P. B. BEARD, P. A. MARKHAM ET AL., COMMISSIONERS OF ROWAN COUNTY.

(Filed 24 April, 1912.)

1. County Commissioners—Bridges, Delay in Building—Negligence —Discretion.

Damages for injuries received in crossing a creek in a conveyance, in an action alleging the crossing to have been dangerous, and caused by the negligence of the county commissioners in not having a bridge over it erected under their contract in a reasonable time, are not recoverable, the matters complained of being discretionary with the commissioners, and not reviewable in the courts.

2. County Commissioners—Negligence—Individual Responsibility— Corruption and Malice—Pleadings—Evidence.

To recover individually of county commissioners for their acts or omissions as such, involving an exercise of discretionary powers, it is necessary to allege and prove that they acted or failed to act "corruptly or of malice," and that principle is not affected by the fact that in other and many instances they act ministerially.

3. County Commissioners — Penalty — Jurisdiction—Justice of the Peace—Appeal.

An action against a county commissioner for the penalty of $200 prescribed by Revisal, sec. 3590, for neglecting to perform the duties required of him, and to be paid to the party suing therefor, etc., is ex contractu, and is originally cognizable in a court of the justice of the peace, and hence is not open to a party seeking its recovery originally in the Superior Court.

APPEAL from *Ferguson, J.,* at January Term, 1912, of IREDELL.

Civil action heard on demurrer to the complaint.

There was judgment sustaining demurrer, and plaintiff excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*Z. V. Turlington for the plaintiff.*
*L. C. Caldwell for the defendant.*

HOKE, J.  The plaintiff instituted suit against P. B. Beard and four others, and for her cause of action alleged "that, during the period referred to, defendants were the duly qualified and acting Commissioners of Rowan County, N. C.  That on the ...... day of May, 1909, the public road leading east from Mount Ulla, in Rowan County, was and had been for several months past in a dangerous and unsafe condition at the point where it crosses Back Creek, and was a menace to the public passing over said road because of the great need of a bridge across said creek, which fact was well known to defendants above named and was negligently, carelessly, and wantonly, without due regard to the safety of the public, allowed by them to remain in said dangerous condition.  That the defendants above named well knew the dangerous condition of the road and the need of a bridge at that place and had assumed the responsibility therefor, and had agreed to build a bridge at that place and had let the contract for the building of said bridge, but carelessly, negligently, and recklessly failed to have said bridge built for a long period of time after the contract for same had been let, to wit, for the period of about six months, well knowing that the safety of the public was imperiled by this long delay.  That on or about the ...... day of May, 1909, Miss Vennie Templeton, while attempting to cross the said creek at the point above named, drove her horse into the said ford, when her horse, on account of the dangerous condition of the aforesaid ford, lost his life and the said plaintiff in this action was greatly damaged, to wit, in the sum of $300."

On these facts alleged in the complaint and made the basis of plaintiff's demand, the county of Rowan is not liable, on the principle declared and approved in the well-considered case of *White v. Commissioners,* 90 N. C., 437, and many others of like purport. Nor will the action lie against the members of the board as individuals, because there is no averment that defendants acted or failed to act "corruptly or of malice." The case presented is one involving the exercise of discretionary powers conferred upon the board for the public benefit, and it is very generally recognized in such case that in the absence of statutory provision even ministerial officers, acting on questions arising properly within their jurisdiction, are not liable to suit by individuals without an averment of that kind. In such cases the officers are sometimes termed "*quasi*-judicial," and the general principle applicable is stated by Mechem on Public Officers as follows: "The same reasons of private interest and public policy which operate to render the judicial officer exempt from civil liability for his judicial acts within his jurisdiction apply to the *quasi*-judicial officer as well, and it is well settled that the *quasi*-judicial officer cannot be called upon to respond in damages to the private individual for the honest exercise of his judgment within his jurisdiction, however erroneous or misguided his judgment may be. The name applied to the office or the officer is immaterial. The question depends in each case upon the character of the act. If it be judicial or *quasi*-judicial in its nature, the officer acts judicially and is exempt. Neither is it material that the officer usually or often acts ministerially. In those cases in which he does act judicially he is, nevertheless, exempt. A statement approved in numerous decisions here and elsewhere. *Hudson v. McArthur,* 152 N. C., 107; *Raysford v. Phelps,* 43 Mich., 342; *Baker v. State,* 27 Ind., 485; 28 Cyc., 466. Section 3590 of the Revisal enacts: "If any county commissioner shall neglect to perform any duty required of him by law as a member of the board, he shall be guilty of a misdemeanor, and shall also be liable to a penalty of $200 for each offense, to be paid to any person who shall sue for the same." And it may be that unless barred by the statute of limitation, the plaintiff on the facts

stated in the complaint might be allowed to recover against each commissioner the penalty of $200 as provided by the statute. *Staton v. Wimberly, supra; Bray v. Barnard,* 109 N. C., 44; *Bray v. Creekmore,* 109 N. C., 49. But under our authorities, an action of this character is held to be one *ex contractu,* and original jurisdiction for such a claim is within the jurisdiction of a justice of the peace, and the position is therefore not open to plaintiff on this record. *Katzenstein v. R. R.,* 84 N. C., 688.

There is no error, and the judgment sustaining the demurrer must be affirmed.

Affirmed.