LESTER B. HIPP v. T. E. FERRALL ET AL.

(Filed 21 March, 1917.)

1. **Public Officers—Highway Commissioners—Bridges—Negligence—Individual Liability—Statutes.**

     Public officers in the performance of their official and governmental duties involving the exercise of judgment and discretion may not be held liable as individuals for breach of such duties unless they act corruptly and of malice.

2. **Public Officers—Ministerial Duty—Public Duties—Individual Liability—Statutes.**

     Where public officials are charged with a plainly ministerial duty, they may not be held individually liable for a negligent breach thereof, when they are of a public nature and imposed entirely for the public benefit, unless the statute creating the office or imposing the duties makes provision for such liability.

3. **Public Officers—Discretionary Duties—Highway Commissioners—Bridges—Negligence.**

     Where it appears from the entire testimony that defendants, members of the highway commission of Lee County, had taken charge of the approach to a county-line bridge, if at all, not as mere administrative agents, but in pursuance of their public duties in administering the road laws of the county, imposed upon them for the public benefit, and, further, that the duties they had assumed in reference to the bridge, required the exercise of judgment and discretion both in reference to the kind of approach to be constructed (the engineer having advised a steel structure) and also as to whether there were funds available for the purpose, having proper regard to the bad condition of the roads in other parts of the county, there was no error to plaintiff's prejudice in submitting the issue of liability to the jury, and on such facts the court could not have sustained a motion to nonsuit.

CIVIL ACTION, tried before *Stacy, J.,* and a jury, at July Term, 1916, of LEE.

The action was to recover damages for physical injuries caused by the alleged negligence of defendants, as individual members of the highway

commission of Lee County, in failing to repair a certain bridge on the line of Lee and Chatham counties and known as the Lockville bridge, and by reason of which· plaintiff, driving a wagon over same, was caused to fall with his team some 15 feet and thereby receive serious injuries. On denial of liability, issues were submitted to the jury as to negligent default and damages incident thereto, and, on the issue as to negligence, there was verdict for defendants. Judgment, and plaintiff excepted and appealed.

The cause was before the court on a former appeal and will be found reported in 169 N. C., 551.

*Williams & Williams and Clarkson & Taliaferro for plainntiff.*
*Seawell & Milliken, Hoyle & Hoyle, and R. H. Hayes for defendants.*

HOKE, J. On the former appeal the cause was presented on .demurrer of defendants, and it was thereby admitted, as alleged in the complaint, that defendants were members of the highway commission of Lee County; that Lockville bridge, constituting a part of the public highways of said county, was under the exclusive care and control of said defendants; that for fifty-two days prior to the occurrence, and with "means and resources" sufficient to repair it, they had "negligently and carelessly" allowed said· bridge to remain in an "unsafe and dangerous condition," by reason of which the injuries complained of were received, and, further, that full and formal notice had been given defendants of the condition of the bridge at a meeting held in Sanford, 6 October, 1914, prior to the injury which was received on 17 November, following. It will be noted that these averments, admitted to be true by the demurrer, are very broad and inclusive in their terms, and while they could have been construed as meaning that the defaults charged against defendants were in the performance of their public duties as highway commissioners and for the public benefit, they also permitted the inference that the defendants, as they might have done under the provisions of the act controlling in the matter, Laws 1911, ch. 586, with or without an arrangement with the county commissioners, had taken personal charge of the upkeep and repair of· the bridge and were dealing with the same purely as administrative officials, likening their duites to that of overseer of public roads, who, under our decisions, may at times be held liable for negligent default in the performance of their duties. *Hathaway v. Hinton,* 46 N. C., 243. Under admissions thus capable of two constructions the court did not consider it proper to make final determination of the rights of the parties, but overruled the demurrer that the relevant facts might be more fully and definitely ascertained.

This opinion having been certified down, a trial was had on appropriate issues, wherein it appeared that this was a county-line bridge, primarily under the control of the county commissioners in conjunction with the commissioners of the adjoining county, Revisal, sec. 2696; that the defendants had not undertaken the repair or upkeep of the bridge as a physical proposition, either under an arrangement with the county commissioners or in the exercise of any authority claimed by themselves, but their default, if any existed, was in a negligent performance of the duties imposed upon them by statute, as a governmental board having general charge and supervision of the highways of the county; defendants' evidence tending strongly to show that the roads in the county where they lately took charge were in bad condition; that the calls upon them for funds were exacting and general throughout the county, and that, while they received notice of the condition of the bridge, they then had no funds available for its proper repair; that they had been advised by a competent engineer that the approach to the bridge should be of steel, and with this in view they had endeavored to arrange for temporary repairs by a reliable and competent contractor, but the bridge had fallen in before it could be done.

Upon this evidence there was no error—to plaintiff's prejudice, certainly—in submitting the question of individual liability to the deliberations of the jury, and his Honor might well have charged the jury that no such liability would attach. It is held in this State that public officers, in the performance of their official and governmental duties involving the exercise of judgment and discretion, may not be held liable as individuals for breach of such duty unless they act corruptly and of malice. *Templeton v. Beard,* 159 N. C., 63; *Baker v. State,* 27 Ind., 485.

It is also the recognized principle here, and the position is sustained by the great weight of authority elsewhere, that in case of duties plainly ministerial in character the individual liability of such officers for negligent breach of duty should not attach where the duties are of a public nature, imposed entirely for the public benefit, unless the statute creating the office or imposing the duties makes provision for such liability, and this principle was approved and applied here in the case of *Hudson v. McArthur,* 152 N. C., 445, opinion by *Associate Justice Manning,* and is in accord with the great weight of authority in other jurisdictions. *McConnell v. Dewey,* 5 Neb., 385; *Bates v. Horner,* 65 Vt., 471, reported with full note by the editor in 22 L. R. A., p. 824; *S. v. Harris,* 89 N. E., 169. The full application of this principle is apparently modified in case of subordinate officials having physical charge of public work and where a negligent breach of duty may be clearly recognized as the proximate cause of an injury to a claimant.

In such instances, though at times technically officers, they can scarcely be considered as being in the exercise of governmental duties at all, but are rather administrative agents, and are held for breach of duty, the proximate cause of the injury, whether such duties are incident to the office they have undertaken or arise by virtue of a contract to perform them. Instances of this modification appear in *Hathaway v. Hinton,* 46 N. C., heretofore cited, where a road overseer was held liable for negligent failure to repair a small bridge on the public highway, within his means, by reason of which a stage coach and horses, traveling the highway, had been injured, and *Adsit v. Brady,* 4 Hill, 630, where the superintendent of a canal, charged with the duty, was held liable for negligent breach of such duty in failing to keep the canal free from physical obstruction likely to cause the injury which resulted. *Robinson v. Chamberlain,* 34 N. Y., 389, may be referred to the same principle. True, a broader rule of individual liability is laid down in that case, but the element of liability, by reason of having taken physical charge of a canal, part of the public highway, under a contract to keep the same in proper repair, was also present. The modification here suggested is approved with us, also, in the case of *Kinsey v. Magistrates of Jones,* 53 N. C., 186, where it was held that the magistrates of a county, in the exercise of their duties as a governmental board, could not be held individually liable for the defective condition of roads and bridges, and *Manly, J.,* delivering the opinion, said: "The justices can't be held responsible for deficiencies in the public highway's bridges. They are charged with certain duties concerning them, but, when these are performed, their office ceases and the overseers and contractors are responsible to the officers and citizens." Again, it is the accepted rule that when a public officer, though exercising governmental functions, is charged with an imperative and plainly ministerial duty for the benefit of an individual, or when the public duty imposed involves also a special duty to the individual, he may be held personally liable to such individual for negligent breach, causing damage, unless the legislation applicable to and controlling the question gives clear indication that no such liability should attach. *Holt v. McLean,* 75 N. C., 347; *Gage v. Springer,* 211 Ill., 200; Cooley on Torts (3 Ed.), p. 757. It has been said that this rule applies more generally to administrative officers who receive their fees from individuals for performing the services, as in the case of sheriffs in the execution of writs, etc., but this payment of fees is not all the test, and, as a matter of fact, these administrative officers are now being more and more compensated by salary, the fees being paid into the public treasury. The application of the principle depends rather on the nature of the duty imposed. Is

it a duty special to the individual, or, although a public duty in some respects, does it involve also a special duty to an individual and which has been breached to his injury? In such case, an individual liability will, in general, attach, unless, as stated, the legislation applicable otherwise provides. To this rule may be referred suits by individual claimants where a clerk, required to index docketed judgments, fails in his duty or a register of deeds negligently fails to properly record a mortgage and loss is sustained. Although these duties are in some respects public in their nature, they involve also a duty special to the person injured, and in such case individual liability will generally attach.

The same principle was also present in the case of *Amy v. Barkholder,* 78 U. S., 136, sometimes cited in support of a more exacting rule of liability. That was a suit by a creditor against the supervisors of a county in Iowa who had neglected or failed to levy a tax in obedience to a mandamus issued in the particular case. While the language of the opinion would certainly uphold a much more extended responsibility, the breach of duty was one special to the individual who obtained the judgment, and, on these facts, the claim was upheld. Recurring to the position that in these cases individual liability of officials does not attach, where the legislation applicable otherwise provides, an instance appears in our recent decision of *Fore v. Feimster,* 171 N. C., 551. In that case it was held that although the duty imposed was a ministerial one, and primarily for the benefit of individuals, persons furnishing material for a public building, liability did not attach to the individuals composing the board of county commissioners, for the reason that the duty imposed was in terms a corporate duty and the legislation applicable to the subject gave clear indication that no liability should be enforced against the commissioners as individuals.

It may be well to note that we speak throughout of the action of public officers within the course and scope of their official duties, and have in no way considered the effect of their conduct when they act in excess of authority and without warrant of law.

Applying these principles to the case before us, on the full disclosure of the facts, the Court could well have charged that no cause of action had been established. While there is no general legislation protecting these defendants from personal liability, as in the *Fore* and *Feimster* cases, the testimony all tends to show that said defendants had not taken any physical charge of the repairing of this bridge either by arrangement with the county commissioners or otherwise, but the breach of duty, if any existed, was in their failure to perform their public

duties involving the exercise of judgment and discretion, and, further, that these duties were of a public nature and imposed upon them entirely for the public benefit.

On careful consideration of the record, we find no error to plaintiff's prejudice, and the judgment on the verdict is affirmed.

No error.