TOWN OF OLD FORT v. J. F. HARMON, J. B. JOHNSON, GEORGE E. MOORE, H. R. EARLY, T. R. KANIPE AND C. L. TATE.

(Filed 5 March, 1941.)

1. **Public Officers § 7a—**

   Public officers may not be held individually liable for breach of their official and governmental duties which involve the exercise of judgment and discretion unless they act corruptly and of malice.

2. **Same—Public officers may not be held individually liable for breach of ministerial duty unless statute imposing such duty so provides.**

   Public officers may not be held individually liable for negligent breach of purely ministerial duties imposed upon them by statute for the public benefit unless the statute itself makes provision for such liability, since the statutes creating municipal offices and imposing duties upon the officials must be construed *in para materia* and, under the maxim *expressio unius est exclusio alterius*, the fact that in some instances the statutes impose personal liability while in other instances they fail to impose such liability is equivalent to a legislative declaration that in the latter instances personal liability does not exist.

3. **Same—Complaint failing to allege that breach of duty was corrupt or malicious or that statute imposing such duty provided for personal liability, held demurrable.**

   This action was instituted by a municipality against its former mayor and former aldermen alleging negligent breach of duty on the part of said aldermen in not requiring the mayor, who acted as superintendent of waterworks and collector of taxes, to be bonded, and in failing to perform their duties in regard to supervision, accounting and auditing of the municipal finances, and in failing to attentively look after the business of the plaintiff municipality in violation of their statutory duties, C. S., 2818, 2809, 2840, 2687, and in violation of duties imposed upon them by the municipal charter, secs. 8, 12, ch. 271, Private Laws 1911. *Held:* If the allegations of breach of duty by the aldermen related to the performance of official and governmental duties involving the exercise of judgment

and discretion, there was no allegation that such breach was corrupt and malicious, and if the allegations related to public ministerial duties there was no allegation that the statutes imposing the duties provided for personal liability, and therefore defendant aldermen's demurrer to the complaint was properly sustained.

**4. Same—Complaint which fails to allege that loss resulted as direct and immediate result of breach of duty held demurrable.**

In this action by a municipality the complaint alleged that the former mayor failed and refused to account for funds of the municipality in a certain sum, resulting in loss to the municipality in said sum, and that its former aldermen negligently failed to perform their duties in regard to supervision, accounting and auditing of the municipal finances. *Held:* Since it does not appear that the loss to the municipality would not have occurred had the aldermen performed all the duties alleged to have been breached by them, the demurrer of the aldermen was properly sustained for failure of the complaint to allege that the loss was a direct and immediate result of their alleged breach of duty.

APPEAL by plaintiff from *Bobbitt, J.,* at September Term, 1940, of McDOWELL.

*G. F. Washburn and Whitlock, Dockery & Shaw for plaintiff, appellant.*

*Robert W. Proctor and W. R. Chambers for defendants, appellees.*

SCHENCK, J. This is an appeal by the plaintiff from judgment sustaining demurrer filed by the defendants other than J. F. Harmon, who filed answer.

The complaint to which demurrer was filed alleged that the plaintiff was a municipal corporation and that the defendants were the duly elected mayor and aldermen thereof from 1 May, 1935, to 30 April, 1937; that the defendant aldermen duly elected the mayor, J. F. Harmon, superintendent of waterworks and collector of taxes, and that the said Harmon assumed the duties of said office in May, 1935, and continued in said office through April, 1937, during which period he collected and secured moneys of the plaintiff totaling $22,998.23, and deposited with the treasurer of the plaintiff $20,043.98, and that the said Harmon wrongfully and fraudulently failed to account to the plaintiff for $2,954.25, property of the plaintiff, and still wrongfully refuses to pay said funds to the plaintiff; and

"9. That the defendants, other than the defendant Harmon, and each of them, by virtue of their offices as Aldermen of the plaintiff, were charged with the duty of attending to the business of the plaintiff and keeping a vigilant watch over their employees and agents, including the defendant J. F. Harmon as waterworks superintendent and tax collector of the plaintiff.

"10. That the defendants violated their said duties to the plaintiff in that they were negligent in: (1) not requiring the defendant Harmon to be bonded as required by statute and the Charter of the plaintiff; (2) not requiring proper books of account to be kept with respect to the waterworks and the revenue of the plaintiff derived therefrom, as required by statute; (3) not having a proper accounting system to show the conditions of the plaintiff with respect to its assets and liabilities, the value of its several properties and the state of its several funds as required by statute; (4) not requiring publication of the receipts and disbursements of the moneys of the plaintiff as required by statute; (5) not requiring an audit of the affairs of the plaintiff, especially of the funds handled by the defendant Harmon as waterworks superintendent and tax collector; (6) not requiring the defendant Harmon to furnish quarterly, in writing, to the other defendants as Aldermen of the plaintiff a general statement of the condition of the plaintiff; (7) not requiring meetings of the Board of Aldermen to be held as required by the Charter of the plaintiff, and (8) not attentively looking after the business of the plaintiff, as it was their duty to do, but sleepily doing nothing with respect to the same.

"11. That because of the matters and things hereinbefore set forth the plaintiff has sustained a loss of $2,954.25; and that the defendants are jointly and severally indebted to the plaintiff in the sum of $2,954.25 and interest thereon from May 10, 1937."

It is the established law in this jurisdiction that public officers, in the performance of their official and governmental duties involving the exercise of judgment and discretion, may not be held liable as individuals for breach of such duty unless they act corruptly and of malice. *Templeton v. Beard,* 159 N. C., 63, 74 S. E., 735. It is also a recognized principle with us that in case of duties plainly ministerial in character the individual liability of public officers for negligent breach thereof does not attach where the duties are of a public nature, imposed entirely for public benefit, unless the statute creating the office or imposing the duties makes provision for such liability. *Hudson v. McArthur,* 152 N. C., 445, 67 S. E., 995; *Hipp v. Ferrall,* 173 N. C., 167, 91 S. E., 831.

In the complaint under consideration there is no allegation, direct or by implication, that the demurring defendants acted corruptly or of malice, the allegations of wrongful and fraudulent actions being limited to those of the defendant Harmon, who is not demurring. Therefore, if it is sought to hold the demurring .defendants liable for negligent failure to perform official or governmental duties involving the exercise of judgment and discretion, the complaint fails to state facts sufficient to constitute a cause of action.

If it is sought to hold the demurring defendants liable for negligent failure to perform purely ministerial duties imposed for public benefit, the complaint fails to state facts sufficient to constitute a cause of action, unless the statutes creating such duties make provision for such liability. According to plaintiff's brief the duties alleged to have been negligently breached by the demurring defendants are those imposed by C. S., 2818, and sec. 8, ch. 271, Private Laws 1911, charter of the town of Old Fort, providing that the governing body of the city or town shall require bond of tax collectors; C. S., 2809, providing the governing body of cities and towns shall keep separate statement and account of the money received by the city or town from the waterworks system; C. S., 2840, providing that the governing body of the city or town shall have a proper accounting of assets and liabilities, the value of its several properties and the state of its several funds; C. S., 2687, providing that the governing body of the city or town shall require the publication of the receipts and disbursements of the money of the municipal corporation; the requirement of an audit of the affairs of the plaintiff, especially as to the money received by the defendant Harmon as tax collector and waterworks superintendent; section 12, ch. 271, Private Laws 1911, charter of the town of Old Fort, providing that they shall require the defendant Harmon, as mayor, to furnish to themselves as aldermen quarterly a written statement of the condition of the plaintiff town; and the provision of said last mentioned section requiring them to have monthly meetings of themselves as aldermen.

We have carefully examined each of these statutes cited and none of them makes provision for civil liability of the individual members of the governing body of a municipality in the event of a failure to comply therewith, hence the complaint is demurrable upon the score of breaches of purely ministerial duties.

Throughout ch. 56, Municipal Corporations, Consolidated Statutes, sec. 2622 *et seq.,* the Legislature has prescribed the powers, duties and liabilities of the governing bodies of municipal corporations with exactness, and numerous statutes relating to the duties of city and town officials have been enacted. In some of these statutes members of the boards of aldermen are made individually liable, and in some they are made indictable, and in yet others they are otherwise penalized, for the nonperformance of the duties imposed upon them, and the holding with us has been that the maxim of *"expressio unius est exclusio alterius"* is applicable to such a situation, and unless personal liability is provided by the statute imposing the duty, no personal liability attaches for the nonperformance thereof. *Moffitt v. Davis,* 205 N. C., 565, 172 S. E., 317.

"The entire body of law applicable to this subject, being *in pari materia,* is to be construed as one and the same statute, and the fact that

the Legislature, having created in terms a corporate duty, has imposed the personal liability in the one case and failed to do so in the other is equivalent to a legislative declaration that; in the latter instance, the liability does not exist." *Fore v. Feimster,* 171 N. C., 551, 88 S. E., 977.

Furthermore it is not perceived how the loss alleged to have been sustained by the plaintiff could have been the direct or immediate result of the alleged acts of the demurring defendants. The only direct or immediate cause of the loss alleged to have been sustained was the wrongful and fraudulent acts of the defendant Harmon in failing to account for funds of the plaintiff received by him as tax collector and superintendent of the water system. The demurring defendants could have observed the statutes that they are alleged to have breached to the very letter and the alleged loss of the plaintiff could have been the same. The tax collector or waterworks superintendent could have failed and refused to account for the moneys collected by him with or without strict compliance with the statutes alleged to have been breached by the demurring defendants. *Ellis v. Brown,* 217 N. C., 787, 9 S. E. (2d), 467.

The judgment of the Superior Court sustaining the demurrer filed is

Affirmed.