PAUL WILKINS v. THOMAS A. BURTON
and
LAWRENCE WARD v. THOMAS A. BURTON.

(Filed 17 September, 1941.)

**1. Public Officers § 8—**

A public officer may not be held individually liable for breach of an official or governmental duty involving the exercise of discretion unless he acts corruptly or maliciously, and he may not be held liable for breach of a ministerial duty imposed for the public benefit unless the statute imposing such duty provides for such liability.

**2. Public Officers § 8: Highways § 2—State highway engineer may not be held liable for negligence in failing to remove obstruction unless he acts corruptly or maliciously or is guilty of wanton negligence.**

This action was instituted to recover for injuries sustained when the car in which plaintiffs were riding struck a limb lying on a dirt highway. Admissions in the answer introduced by plaintiffs established that defendant was a divisional engineer of the State Highway & Public Works Commission and that the highway in question is embraced within his division. Plaintiffs also introduced evidence tending to show that defendant was given notice that the limb was lying across the highway and that the accident occurred some six hours after such notice. *Held:* Even conceding that the failure of defendant to have had the limb removed during the length of time elapsing between the notice to him and the accident constituted evidence of negligence, defendant's motion to nonsuit was properly allowed, since if defendant's failure to remove the limb was a breach of an official or governmental duty involving the exercise of discretion there was neither allegation nor evidence of corruption or malice, and if such duty was a ministerial duty it was of a public nature imposed entirely for the public benefit, and there was neither allegation nor proof that the statute imposing the duty provided for personal liability. To

the contrary, the statute, sec. 50, ch. 2, Public Laws 1921, provides that such officers shall not be individually liable except for wanton and corrupt negligence.

Two cases consolidated for trial before *Warlick, J.,* at April Term, 1941, of STOKES.

The actions were to recover for physical injuries and property damage caused by the alleged negligence of the defendant, as Division Engineer of the State Highway & Public Works Commission, in failing to remove or have removed a large limb of a tree which had fallen across a highway in Rockingham County, under the jurisdiction of the defendant as such engineer, and by reason of which failure the automobile in which the plaintiffs were riding collided with said limb and was overturned, thereby injuring the plaintiffs and damaging said automobile.

When the plaintiffs had introduced their evidence and rested their case, the defendant moved for a judgment as in case of nonsuit, which motion was allowed (C. S., 567), and accordant therewith judgment was signed. The plaintiffs appealed, assigning errors.

*Roy L. Deal for plaintiffs, appellants.*
*Charles Ross and R. J. Scott for defendant, appellee.*

SCHENCK, J. It appears from the evidence that the defendant, Thomas A. Burton, was Division Engineer of the State Highway & Public Works Commission, having in charge the administrative division of the State and county highway system established by the State Highway & Public Works Commission, including the State and county highways of Rockingham County; that on Sunday, 3 December, 1939, a tree near one of the graded soil covered highways in Rockingham County was struck by lightning and set on fire, that a large limb from the tree was caused to fall across the highway; that the limb was discovered across the highway in the forenoon and was soon thereafter reported to the defendant, who said he would "attend to it"; that the limb was not removed, and that between sundown and dark on the evening of 3 December, 1939, the car in which the plaintiffs were riding while being driven on the said soil covered highway ran into the said limb, resulting in the injuries and damage of which complaint is made.

Conceding but not deciding that the time elapsing between the notice given to the defendant of the position of the limb across the highway till the collision between the automobile in which plaintiffs were riding— from about 11:30 a.m. till about 5:30 p.m.—with no action on the part of a person responsible for the condition of the highway might under certain circumstances constitute evidence of actionable negligence, we do

not concur in the contention that the evidence in this case was sufficient to have been submitted to the jury.

The defendant, according to admissions in the answers introduced in evidence, was a public officer, namely, "Division Engineer of the State Highway & Public Works Commission for the Fifth Division, and that the County of Rockingham is embraced within said division." It therefore clearly appears that the defendant was a public officer and any liability that attached to him was due to the public office which he held.

In *Hipp v. Ferrall,* 173 N. C., 167, 91 S. E., 831, it is said: "It is held in this State that public officers, in the performance of their official and governmental duties involving the exercise of judgment and discretion, may not be held liable as individuals for breach of such duty unless they act corruptly and of malice. *Templeton v. Beard,* 159 N. C., 63; *Baker v. State,* 27 Ind., 485." If it be contended that the defendant in this case was in the performance of official or governmental duties involving the exercise of discretion, the plaintiffs' case must fail for the want of both allegation and proof of corruption or malice.

Further in *Hipp v. Ferrall, supra,* it it said: "It is also the recognized principle here, and the position is sustained by the great weight of authority elsewhere, that in case of duties plainly ministerial in character the individual liability of such officers for negligent breach of duty should not attach where the duties are of a public nature, imposed entirely for the public benefit, unless the statute creating the office or imposing the duties makes provision for such liability, and this principle was approved and applied here in the case of *Hudson v. McArthur,* 152 N. C., 445, opinion by *Associate Justice Manning,* and is in accord with the great weight of authority in other jurisdictions. *McConnell v. Dewey,* 5 Neb., 385; *Bates v. Horner,* 65 Vt., 471, reported with full note by the editor in 22 L. R. A., p. 824; *S. v. Harris,* 89 N. E., 169." If it be contended that any duty of the defendant with relation to the situation created by the limb across the highway was ministerial in character, it is also perfectly clear that such duty was imposed for the public benefit, and the statute imposing such duty makes no provision for such liability. In fact, the provision of the statute has a contrary intendment. Section 50, ch. 2, Public Laws 1921, reads: ". . . the State Highway Commission, both as a commission and the individual members thereof, shall not be liable for any damage sustained by any person, firm or corporation on the State Highway System, except for wanton and corrupt negligence." There is no allegation nor proof of wantonness or corruption. See, also, *Ruffin v. Garrett,* 174 N. C., 134, 93 S. E., 449.

In the recent case of *Old Fort v. Harmon,* 219 N. C., 241, it is written: "It is the established law in this jurisdiction that public officers, in the

performance of their official and governmental duties involving the exercise of judgment and discretion, may not be held liable as individuals for breach of such duty unless they act corruptly and of malice," and, further, "It is also a recognized principle with us that in case of duties plainly ministerial in character, the individual liability of public officers for negligent breach thereof does not attach where the duties are of a public nature, imposed entirely for public benefit, unless the statute creating the office or imposing the duties makes provision for such liability."

Holding, as we do, that the motion for judgment as in case of nonsuit was properly allowed, it becomes supererogatory to discuss the other interesting points presented in the brief of the appellants.

The judgment of the Superior Court is

Affirmed.