STATE ON RELATION OF A. O. HEDGEPETH v. L. L. SWANSON, SHERIFF OF VANCE COUNTY, AND THE NATIONAL SURETY COMPANY.

(Filed 13 October, 1943.)

**1. Public Officers §§ 7a, 7b—**

While public officers, acting in a judicial or *quasi*-judicial capacity, are exempt from civil liability and cannot be called upon to respond in damages to private individuals for the honest exercise of judgment, even though such judgment be erroneous; however, when public officers in such cases, instead of acting in an honest exercise of their judgment, act corruptly or of malice, such officers are liable to an individual for damages suffered by reason of such corrupt and malicious conduct.

**2. Public Officers § 7b: Sheriffs § 6d: Principal and Surety §§ 17, 20—**

Where the complaint alleges that defendant, a sheriff, in procuring a search warrant for plaintiff's premises and a warrant for his arrest upon a charge of violating the prohibition laws, acted corruptly and with malice, wantonly, falsely, without probable cause and without regard for the public interest, and out of hate and revenge, it was error for the court below to sustain a demurrer *ore tenus.* As defendant surety company is the sheriff's bondsman and liable for his misconduct, C. S., 354, it follows that there was likewise error in sustaining the demurrer filed by it.

APPEAL by the plaintiff from *Burney, J.,* at June Term, 1943, of VANCE.

This is a suit instituted by the plaintiff in the name of the State against one defendant as Sheriff of Vance County and the other as surety upon the official bond of the Sheriff, for injuries alleged to have been caused by the misconduct in office of the Sheriff, under the provisions of Consolidated Statutes, 354. The complaint alleges that the defendant sheriff set out and wrongfully and negligently left fire burning at a still on land adjoining the land of the plaintiff, and that said fire spread over and damaged the land of the plaintiff, and that the defendant made no effort to extinguish such fire when informed of the danger incident thereto; and further, that five days after said fire had burned his woods and timber the plaintiff caused a warrant to be issued for the defendant charging him with a violation of C. S., 4312, by setting fire to brush and other material whereby other property was endangered and destroyed, without keeping the same properly guarded; that immediately after the warrant procured by the plaintiff had been served upon him the defendant Sheriff secured a search warrant for the premises of the plaintiff, charging that the plaintiff did have in his dwelling "spirituous and intoxicating liquors for the purpose of selling said liquors as strong drink," and thereafter on the same day the defendant secured a criminal warrant charging the plaintiff "with operating a whiskey still and did manufacture intoxicating whiskey," and upon this warrant the defendant caused plaintiff to be arrested at his home in the presence of his wife and children, and imprisoned until he gave bond. It is alleged that "the defendant, Swanson, then acting by virtue and under color of his office as Sheriff of Vance County, and inspired not by any regard for the public interest or welfare, but simply and solely out of hate, vengeance and malice toward this plaintiff, wilfully, wantonly, falsely and maliciously, contriving and intending to injure the plaintiff, and to cause plaintiff to be arrested," procured from a justice of the peace a search and seizure warrant, authorizing the defendant Swanson to search the premises of the plaintiff; and it is also alleged "That the said defendant, Swanson, at the same time he procured the search and seizure warrant . . . by means of a false and malicious affidavit as hereinbefore set forth, went before . . ., the Clerk of Recorder's Court of Vance County, and falsely, wantonly, and maliciously, and without reasonable or probable cause therefor, charged the plaintiff, before the Clerk of the Recorder's Court, with violation of the liquor laws of the State by operating a whiskey still and manufacturing intoxicating liquor, and by means of a false and malicious affidavit caused said Clerk of Recorder's Court to make out a writ in due form of law for the arrest of plaintiff, and said defendant, Swanson, falsely, maliciously, and without probable cause caused plaintiff to be arrested on said charge, . . ." and that when the case came on for trial the "Judge of the Recorder's Court directed that said

prosecution and warrant be *nol prossed*. That a *nol pros* was thereupon entered in said cause and said prosecution was thereby ended and wholly determined, and this plaintiff was released from his bond and discharged from said Court"; that in swearing out the warrants aforesaid the defendant "Swanson was actuated throughout, not by any regard for the public interest, but solely and exclusively by the hate, malice and spirit of revenge which he entertained toward the plaintiff"; and ". . . in swearing out said warrants and procuring the searching of the plaintiff's premises, and the arrest and prosecution of plaintiff upon a criminal charge, professed to be acting, and was acting, under and by virtue and color of his office, as Sheriff of Vance County."

To the complaint the defendants, and each of them, filed demurrers *ore tenus* upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrers were sustained and the action dismissed, to which ruling the plaintiff objected and preserved exception, and appealed to the Supreme Court.

*Hill Yarborough, J. M. Peace, and A. A. Bunn for plaintiff, appellant.*
*Gholson & Gholson and J. P. & J. H. Zollicoffer for defendants, appellees.*

SCHENCK, J. This action was instituted by the plaintiff, in the name of the State, against the defendant Swanson in his official capacity as Sheriff of Vance County, and the defendant, the National Surety Company, as surety on the Sheriff's official bond.

The question posed by this appeal is whether a sheriff is liable in his official capacity in an action for malicious prosecution for damages to an individual caused by acts involving the exercise of judgment and discretion and committed within the scope of his official duties?

The law applicable to the facts alleged in the complaint, as enunciated by the opinions of this Court, is that public officers acting in a judicial capacity or *quasi*-judicial capacity are exempt from civil liability and cannot be called upon to respond in damages to private individuals for the honest exercise of his judgment though his judgment may have been erroneous; however, in cases where a public officer, even judicial or *quasi*-judicial, instead of acting in an honest exercise of his judgment, acts corruptly or of malice, such officer is liable in a suit instituted against him by an individual who has suffered special damage by reason of such corrupt and malicious action. In other words, no action lies against a public officer for an honest exercise of his discretion, though erroneous, but for a corrupt or malicious exercise of discretion such officer may be made to respond in damages to an individual injured thereby; *Templeton v. Beard,* 159 N. C., 63, 74 S. E., 735; "It is other-

wise in the case of judicial officers and also of administrative officers when engaged in official acts involving the exercise of judgment and discretion, in which case they are sometimes termed *quasi*-judicial. The principle governing in these cases is that they·cannot be held responsible unless it is alleged and proved that they acted 'corruptly or with malice.' " *Hipp v. Farrell,* 169 N. C., 551, 86 S. E., 570; *ibid.,* 173 N. C., 167, 91 S. E., 831; *Moye v. McLawhorn,* 208 N. C., 812, 182 S. E., 493; *Old Fort v. Harmon,* 219 N. C., 241, 13 S. E. (2d), 423; *Wilkins v. Burton,* 220 N. C., 13, 16 S. E. (2d), 406.

Applying this law to the allegations of the complaint we are constrained to hold that his Honor erred in sustaining the demurrers *ore tenus* lodged by the defendants.

There is ample allegation of the fact that the defendant in procuring the search warrant for the plaintiff's premises and the warrant for his arrest upon a charge of violating the prohibition laws acted corruptly and with malice. True, the words "corruptly" or "corruption" are not used to describe the action of the defendant but the words "falsely," "wantonly," "out of revenge" and "without regard to the public interest" all imply corrupt action on the part of the defendant Sheriff. And the words "out of hate," "malicious" and similar expressions in the complaint are a clear allegation of malice. The complaint likewise alleges that the action of the defendant Sheriff in procuring the search of the plaintiff's premises and arrest of his person was "without probable cause."

The requirements for an action for malicious prosecution against a public officer to recover damages caused by the performance of discretionary acts by such officer in a corrupt and malicious manner having been alleged, the demurrer to the complaint filed by the Sheriff was erroneously sustained, and since the defendant surety company was liable, under C. S., 354, which provides "every such officer and the sureties on his official bonds shall be liable to the persons injured for all acts done by said officer by virtue or under color of his office," to any person injured by reason of any misconduct of the Sheriff in office, it follows that the sustaining of the demurrer to the complaint filed by the surety was likewise erroneous. *Price v. Honeycutt,* 216 N. C., 270. 4 S. E. (2d), 611.

The judgment of the Superior Court is
Reversed.