B. M. MILLER v. CHARLIE JONES AND WES ABERNATHY.

(Filed 3 January, 1945.)

**1. Public Officers § 8: Negligence § 1a: Highways § 2—**

An officer, charged with the performance of a governmental duty involving discretion, cannot be held for mere negligence with respect thereto, but, on the contrary, is not liable unless his act, or failure to act, is corrupt or malicious. The act or omission then, for all practical purposes, takes on the guise of a malicious tort.

**2. Master and Servant § 20: Negligence § 1a: Public Officers §·8: Highways § 2—**

An employee, as distinguished from a public officer, is generally held individually liable for negligence in the performance of his duties, notwithstanding the immunity of his employer, although such negligence may not be imputed to the employer on the principle of *respondeat superior*, when such employer is clothed with governmental immunity.

**3. Negligence § 1a—**

It is a broad general rule that any person, who violates a legal duty he owes to another, is liable for the natural and probable consequences of his act or omission, and exceptions to this rule should not, by mere judicial rationalization, be extended beyond the recognized public policy out of which they spring.

Miller *v.* Jones.

**4. Negligence § 19a—**

>   In an action for alleged damages to plaintiff's stock of goods by the willful, wanton, and malicious negligence of defendants, employees of the State Highway Commission, where the plaintiff's evidence tended to show that defendants, in charge of a sweeper and blower in working the highway near plaintiff's store, without warning, so used the sweeper and blower as to throw such a cloud of dirt and filth through the open windows and doors of the store that the merchandise therein was badly damaged, there is ample evidence for the jury and allowance of motion for judgment as of nonsuit, G. S., 1-183, was erroneous.

SCHENCK, J., dissenting.

DEVIN, J., dissenting.

BARNHILL, J., dissenting.

APPEAL by plaintiff from *Rudisill, Special Judge,* at February Term, 1944, of ALEXANDER.

The plaintiff brought this suit to recover damages for injury to his stock of goods and merchandise, alleged to have been caused by the negligence of the defendants.

In the complaint the plaintiff alleged, with respect to the injury and the cause thereof, that he was owner of a large store in the village of Hiddenite, in which he was engaged in the mercantile business, selling groceries, dry goods, notions, fruits, vegetables, and things of like kind, which store building was located near to the highway running through the village—the said highway being a part of the State Highway System; and that said store was fully stocked with goods and merchandise of the kind mentioned, recently bought for the fall trade. There were four doors fronting on the State Highway.

The defendants were employees of the State Highway and Public Works Commission, and were working upon the highway, sweeping the road, especially the shoulder of the road nearest to the plaintiff's store. It is complained that the dust and dirt and accumulation of filth swept up on and along the road were blown into the store as the truck or sweeper, with blower attached, passed the building, thereby doing plaintiff's stock of goods great damage, in so much that they could not be restored by cleaning to their original condition; and that the store required a general cleaning, and a great part of the stock had to be sold at a greatly reduced price because of the diminished value due to defendants' negligence and injury to the goods, and that plaintiff sustained damage in the sum of $1,200.

It is further alleged that the defendants failed to give any notice of the intended use of the said sweeper and blower past the premises so that the injury complained of might have been averted; and failed to observe the conditions of the store or notify the owner so that the injury

complained of might have been averted; and failed to observe the conditions of the store or notify the owner so that it might be closed, and that they might easily, by the exercise of proper care, have known that their acts in using the sweeper and blower past the premises, without such notice, would cause the injury complained of.

The defendants demurred to the complaint for that it failed to state that the acts of the defendants therein complained of were either corrupt or malicious. This demurrer was sustained; and, not appealing from said order, the plaintiff was permitted to amend the complaint, and did amend it, by charging that the acts were willfully, wantonly, negligently, maliciously, and heedlessly done.

Thereafter, the defendants answered separately, denying the material allegations of the complaint.

Upon the trial, the plaintiff testified substantially as follows:

That he owned and operated a mercantile business in Hiddenite on Highway No. 90; his store is located near the west side of the highway. It has four doors facing the street leading through Hiddenite—two as the main entrances of the store, and one to each of the stock rooms. There are windows in the building, and they were up at the time the sweeper and blower passed the store. Plaintiff had no notice whatever that the sweeper and blower was approaching his place until it was already there, and the dust, dirt and filth were blown into his store. It took several days to clean the store out. There was dirt and dust and filth on everything in the store. You could not see through the store at the time the dust was blowing through—you could not see the front door.

Plaintiff had no opportunity to close the doors or windows, which he would gladly have done if he had had any notice that the blower and sweeper was going to pass. He did not at any time refuse to close the doors and windows in an endeavor to protect his property, and did not tell anybody that they had more time than plaintiff had—plaintiff had none.

The first plaintiff knew that the blower and sweeper was approaching, he was sitting in his office directly in the back of the store, and the first thing he knew, he heard an awful racket and raised up, and did not know what it was. It looked more like a cyclone than anything else—he could not see the front of the store there was so much dust and filth in it. That was the first time he knew anything about it. Plaintiff ran to get the doors closed, but could not do so before the sweeper and blower passed. Plaintiff then gave an inventory of the damaged articles, and testified as to the damage.

On cross-examination, the plaintiff stated that he supposed Mr. Abernathy and Mr. Jones were using State equipment of the Highway Commission. They were preparing to give the road a bituminous treatment.

Plaintiff did not know how long afterwards they put the bituminous surface on, or hard surfaced it. The defendants were operating the sweeper and blower, Mr. Jones and Mr. Abernathy.

Plaintiff was corroborated in his evidence by Mr. Fincannon, an employee who was present at the time of the injury. There was no opportunity to close the doors or protect the stock of goods. They could have been protected if the doors had been closed and the windows shut.

The defendants offered no evidence, but upon conclusion of the plaintiff's evidence, demurred and made a motion to nonsuit under G. S., 1-183. The demurrer was sustained, and plaintiff appealed, assigning error.

A. C. Payne and Burke & Burke for plaintiff, appellant.
E. A. Gardner and Charles Ross for defendants, appellees.

SEAWELL, J. In the court below the defendants did not challenge the sufficiency of the evidence to go to the jury or to support the allegation of negligence, except in one respect—that it did not show any willfulness, malice or corruption on the part of the defendants. It will be seen that at a former hearing, the demurrer to the complaint for that it did not charge that the acts of the defendants were done maliciously, was sustained; and instead of appealing therefrom, the plaintiff amended his complaint by so charging. That became the theory upon which the case was tried below, and upon which it was heard here. See appellees' brief, p. 2: "The case came on for trial and upon the conclusion of the plaintiff's evidence, the defendant moved for judgment of nonsuit, for that there was no evidence to sustain the allegation of 'wilful, wrongful, wanton, and malicious' negligence. The Court sustained the motion of nonsuit and dismissed the action, and the plaintiff appealed to this Court."

A further reading of the brief shows that the defense was based entirely on a misconception of Wilkins and Ward v. Burton, 220 N. C., 13, 16 S. E. (2d), 406, and the postulate that "it is there established that employees and agents of the State Highway and Public Works Commission cannot be held personally liable for negligence in the discharge of their governmental functions except upon allegation and proof of wantonness or corruption."

Prefacing our further discussion with the statement, which will further receive attention, that there is plenary evidence to sustain the allegation of negligence in any aspect of the case, we first pay attention to the theory advanced by the defendants themselves.

It is a rule of law that an officer charged with the performance of a governmental duty involving discretion cannot be held for mere negli-

gence with respect thereto, but, on the contrary, is not liable unless his act, or his failure to act, is corrupt or malicious. *Hipp v. Ferrall,* 173 N. C., 167, 91 S. E., 831; *Templeton v. Beard,* 159 N. C., 63, 74 S. E., 735. The act or omission then, for all practical purposes, takes on the guise of a malicious tort. The immunity thus extended to officers in the performance of a public duty grows out of a public policy which is fully explained in the two cases cited. *Hipp v. Ferrall, supra; Templeton v. Beard, supra,* and cases cited. One reason for the existence of such a rule is that it would be difficult to find those who would accept public office or engage in the administration of public affairs if they were to be held personally liable for acts or omissions involved in the exercise of discretion and sound judgment which they had performed to the best of their ability, and without any malevolent intention toward anyone who might be affected thereby. However, in proper cases even public officers may be liable for misfeasance in the performance of their ministerial duties where injury has ensued. Whether such liability would extend to omissions, as well as to acts of commission, in the absence of imperative legal duty, we need not now determine. *Hipp v. Ferrall,* 173 N. C., 167, 91 S. E., 831; *Hudson v. McArthur,* 152 N. C., 445, 67 S. E., 995; *Hathaway v. Hinton,* 46 N. C., 243; *Rowley v. Cedar Rapids,* 203 Iowa, 1245, 212 N. W., 158, 53 A. L. R., 375.

The suggested immunity has never been extended to a mere employee of a governmental agency upon this principle, although employed upon public works, since the compelling reasons for the nonliability of a public officer, clothed with discretion, are entirely absent. Of course, a mere employee doing a mechanical job, as were the defendants here, must exercise some sort of judgment in plying his shovel or driving his truck—but he is in no sense invested with a discretion which attends a public officer in the discharge of public or governmental duties, not ministerial in their character. In short, the defendants were not public officers, nor were they in the performance of any discretionary act. The mere fact that a person charged with negligence is an employee of others to whom immunity from liability is extended on grounds of public policy does not thereby excuse him from liablity for negligence in the manner in which his duties are performed, or for performing a lawful act in an unlawful manner. The authorities generally hold the employee individually liable for negligence in the performance of his duties, notwithstanding the immunity of his employer, although such negligence may not be imputed to the employer on the principle of *respondeat superior,* when such employer is clothed with a governmental immunity under the rule. *Lewis v. Hunter,* 212 N. C., 504, 507, 508, 193 S. E., 814; *Florio v. Jersey City,* 129 Atl., 470, 40 A. L. R., 1353 (anno.); *Skerry v. Rich,* 228 Mass., 462, 17 N. E., 824; Anno. 40 A. L. R., 1358.

The State of North Carolina has adopted this view in *Lewis v. Hunter, supra,* and any extension of immunity in that respect is a matter of legislative action.

It is proper to say, however, that it is a broad general rule that any person who violates a legal duty he owes to another is liable for the natural and probable consequences of his act or omission, and exceptions to that rule should not, by mere judicial rationalization, be extended beyond the recognized public policy out of which they spring.

While the defendants have not so contended, it has been suggested that they were under the direction of superiors, who required the work to be done in a particular way. In support of this view, we have cited to us *Dorsey v. Henderson,* 148 N. C., 423, 62 S. E., 547, in which the city was held not to be liable in damages for the act of cutting down the level of the street in front of plaintiff's store. That case merely decided that a municipal corporation "has authority to grade its streets and is not liable for consequential damage, *unless the work was done in an unskillful and incautious manner,*" citing *Meares v. Wilmington,* 31 N. C., 73. The case proceeds entirely upon the principle that a municipality is under no liability to adjacent owners for changing the grade of the street, in the absence of a statute fixing such liability, and that any injury arising from this cause is *damnum absque injuria.* No question of negligence is involved, and there was no consideration of the doctrine of immunity as we have discussed it, the nonliabilty of the defendant town dependng upon an entirely different principle.

There is no evidence in the record whatever that the defendants were in the actual supervision of their employers, the Highway Commission, or any superior officer or agent thereof, or that any such person was present. The inferences from the whole evidence are directly contrary to such assumption. They were in the performance of a mechanical task, in which it is to be supposed that they were skilled, and were in direct charge of operations. The exigencies of the affair in Hiddenite were not to be controlled from Raleigh or by any officer or functionary whatever two hundred miles from the scene of action; and the presumption that any of those officers had directed the defendants to perform a lawful act in an unlawful or negligent manner is too rash to be indulged in, and, if true, would afford no immunity to any party participating.

The defendants could avoid liability not by any supposed immunity, but only upon the same principle that any other person might be protected in the doing of a lawful act, and that is, that they had not done it negligently, to the injury of another. *Meares v. Wilmington, supra; Lewis v. Hunter, supra.*

Plaintiff alleges that the defendants' negligence in failing to use any protection to keep the dust, dirt and other accumulations which were

blown from the highway by the road sweeper operated by the defendants, out of his store, resulted in substantial damage to him. The evidence in support of this allegation is sufficient to carry the case to the jury.

The judgment of nonsuit erroneously entered by the court below is
Reversed.

SCHENCK, J., dissenting: The defendants Charlie Jones and Wes Abernathy were drivers and operators of a truck with blower attachments upon the highways of North Carolina and were employees of the State Highway and Public Works Commission to which said truck with attachments belonged, and said defendants so drove the truck with its attachments by the store of the plaintiff as to cause dirt and filth to be blown on the goods of the plaintiff in said store, to their great damage. While it may be conceded that the operation of said truck with its attachments in the manner in which it was operated might, under certain circumstances, constitute evidence of actionable negligence, still I do not concur in the conclusion that the evidence in this case was sufficient to have been submitted to the jury.

According to the record the defendants were employees and agents of the State Highway and Public Works Commission and any liability which attached to them was due to their public employment. "It is the established law in this jurisdiction that public officers, in the performance of their official and governmental duties involving the exercise of judgment and discretion, may not be held liable as individuals for breach of such duty unless they act corruptly and of malice. *Templeton v. Beard,* 159 N. C., 63, 74 S. E., 735. It is also a recognized principle with us that in case of duties plainly ministerial in character, the individual liability of public officers for negligent breach thereof does not attach where the duties are of a public nature, imposed entirely for public benefit, unless the statute creating the office or imposing the duties makes provision for such liability." *Old Fort v. Harmon,* 219 N. C., 241, 13 S. E. (2d), 423; *Wilkins and Ward v. Burton,* 220 N. C., 13, 16 S. E. (2d), 406.

If the plaintiff seeks to hold the defendants liable upon the theory that they were in the performance of official or governmental duties involving the exercise of judgment or discretion his effort should fail for the want of any evidence of corruption or of malice on the part of the defendants. *Hipp v. Ferrall,* 173 N. C., 167, 91 S. E., 831; *Wilkins and Ward v. Burton, supra.*

If the plaintiff seeks to hold the defendants liable upon the theory that the defendants' duties with the relation to driving and operating the truck with sweeper attachments were ministerial in character, it appears that such duties were of a public nature and were imposed for public

benefit and no provision is made in the statute creating such duties imposing individual liability upon the part of the person upon whom such duties are cast, and the absence of such provision is fatal to the plaintiff's case. *Hudson v. McArthur,* 152 N. C., 445, 67 S. E., 995; *Bates v. Horner,* 65 Vt., 471, reported with full note in 22 L. R. A., p. 824.

Since the defendants were public employees, I think it is immaterial whether they were engaged in the performance of official and governmental duties requiring the exercise of judgment and discretion, or were engaged in the performance of duties purely ministerial in character of a public nature and imposed entirely for public benefit, with no provision for personal liability made in the statute creating such duties. In either case, I think the plaintiff should fail in his action.

DEVIN, J., dissenting: I do not think there was sufficient evidence of negligence on the part of the defendants to warrant submission of the case to the jury, and therefore the judgment of nonsuit was properly entered and should be affirmed.

The record discloses that at the conclusion of the plaintiff's evidence defendants' motion for judgment of nonsuit was allowed. The trial court's reasons for his action are not stated. Whatever ground in support of this ruling was stated in appellee's brief is immaterial, for the only question presented to us is the validity of the judgment of nonsuit on the record before us. If the plaintiff offered competent evidence of actionable negligence on the part of these defendants he was entitled to go to the jury; otherwise not.

It may be conceded that the immunity from personal liability accorded public officials engaged in governmental duties involving judgment and discretion does not relieve a mere employee from liability for damages ,for an injury occasioned by his negligence or other tort of which he is personally guilty, some fault or failure in the manner of doing the work, outside of and beyond the mere doing of the work for which he is employed, as illustrated in *Lewis v. Hunter,* 212 N. C., 504, 193 S. E., 814.

But here I think there was a failure of proof. The plaintiff's testimony does not make out a case of negligence. The evidence was brief. Only two witnesses testified, the plaintiff and another. Defendants' motion for nonsuit having been allowed, they offered no evidence. Plaintiff's testimony described the extent of the damage to his goods from dust and dirt raised by the sweeper used in preparing the State Highway in front of his store for hard-surfacing. It was testified the sweeper was being operated by the defendants who were employees of the State Highway Commission and as such engaged at the time on this work. There is no evidence that the use of this machine in sweeping the sur-

face of the highway was not the proper and approved method of doing this work. The only wrongful act suggested is that defendants failed to give plaintiff notice of the approach of the sweeper to his store. But these defendants were mere employees, under orders presumably both as to doing the work and as to the time. It was during working hours. There was no evidence that it was these defendants' duty to notify plaintiff, or that defendants knew of the conditions in plaintiff's store, or that they did anything that was not necessary to be done in preparing the highway for treatment. The plaintiff testified, "they were sweeping the roadbed out, getting ready to put the treatment on the road." As employees defendants were doing the work for which they were employed. The superintendent or engineer could not be held liable for giving the order. Nor should the employees be held liable for obeying. Only in the event of showing some negligence, some failure of duty to the plaintiff, in the manner of doing the work, could the employee be held liable.

The plaintiff's allegation in his complaint that the defendants failed to use any protection to keep the dust from being blown on defendants' store is not supported by any evidence.

In my opinion the evidence offered at the trial, which appears of record, was insufficient to show negligence on the part of the defendants, and the judgment of nonsuit should be affirmed.

BARNHILL, J., dissenting: I am not in disagreement with the law as stated in the majority opinion, but I find it impossible to concur in the view that there is evidence of negligence to be submitted to a jury.

The plaintiff alleges that these defendants failed to close the doors and windows of his store or to notify him to do so before the approach of the road sweeper and blower. There is neither allegation nor evidence that the machine was being operated in a careless or negligent manner or that defendants otherwise failed to exercise due care. Plaintiff rests his case on the one allegation of want of proper notice.

Conceding that he was entitled to notice, upon whom rested the duty to notify?

The work was being done under the supervision of the State Highway Commission. Its officials were in charge, supervising the work. It was for them to direct the manner and method of its performance. If notice was due it was due from them. On this record it is not made to appear that this duty had been delegated to or rested upon these defendants. They were mere employees charged with the duty of operating the road sweeper. To hold them liable for alleged derelictions of their superiors, without proof that this was one of the duties of their employment, is, to my mind, a novel application of the law of negligence.

MILLER v. JONES.

It is suggested that counsel for defendants have not advanced the contention there is no evidence of negligence to be submitted to a jury but have elected instead to argue that there was no willful or malicious wrong. But the judgment was a judgment of nonsuit. The court below necessarily concluded there was no such evidence. This conclusion is challenged by the exception to the judgment. Are we to fail to sustain a judgment correctly entered because, forsooth, counsel may have "missed the boat" in their brief? I do not so understand.

The brief of defendants does disclose, as suggested, that in making the motion to dismiss as of nonsuit they relied in part at least upon the absence of proof of willfulness. Even so, the record, which is ordinarily controlling, contains the simple entry: "At the close of all the evidence, being the plaintiff's evidence, the defendants made a motion for judgment of nonsuit. Motion allowed. Plaintiff excepts." This is followed by a simple judgment of nonsuit. There is no indication here that the court below adopted, followed, or was misled by the theory of defendants.

Then too it is said there is no evidence defendants were under the actual supervision of their employers. "The inferences from the whole evidence are directly to the contrary." And further, the presumption that they were directed by officers in Raleigh "to perform a lawful act in an unlawful or negligent manner is too rash to be indulged in." No one so contends.

In this connection I call attention to the allegation that "defendant was engaged as a tractor operator, working under the supervision of Mr. S. B. Brinkley, Road Oil Supervisor of the Ninth Highway Division"; and to the evidence "They were preparing to retreat the road with bituminous treatment at the time." A retreatment project calls for a substantial force of workers, foremen, and supervisors. So common, ordinary observation would indicate. Certainly, to my mind, there is no presumption that two men operating a sweeper and blower on such a project were all alone on the job.

It is alleged as stated that defendants failed to control the dust that arose from the operation of the sweeper. Even so, there is no allegation that the dust could be controlled or that defendants failed to use any available means to that end. It is a matter of common knowledge that wind controls the flow of dust. Hence plaintiff might have alleged with equal force that defendants failed to control the wind. Neither is an allegation of negligence.

The only proof in this respect is to the effect that dust arose from the sweeper and permeated plaintiff's store. *Res ipsa loquitur* does not apply. Hence there is no evidence to support the allegation.

After all there is only one simple question presented on this appeal. The evidence is all to the effect that defendants did not notify plaintiff

of the approach of the sweeper. There is no evidence such duty was an incident of their employment. If, as a matter of law, it was their duty to notify, and we can so hold, the judgment below should be reversed. If not, it should be affirmed.

Being of the opinion that plaintiff has failed to offer any evidence of actionable negligence, I vote to affirm.