MRS. KATE CRABTREE v. BURROUGHS-WHITE CHEVROLET SALES COMPANY, CURTIS BOULDIN AND BILL PHILLIPS.

(Filed 22 May, 1940.)

**1. Appeal and Error § 37e—**

The findings of fact by the trial court in respect to service of summons are conclusive on appeal when supported by evidence.

**2. Process § 8—Evidence held to support finding that auto was under control, express or implied, of nonresident corporate defendant.**

Averments in affidavits that the automobile causing the injury in suit, admittedly owned by the nonresident corporate defendant and driven in this State by its salesman, was being driven here with the corporation's permission for the purpose of effecting a sale, *is held* sufficient evidence to support the court's finding that the automobile was being driven at the

time of the injury for the corporation or was under its implied control and direction so as to support service of process on it by service on the Commissioner of Revenue under the provisions of ch. 75, Public Laws of 1929 (Michie's Code, 491 [a]).

APPEAL by defendant Burroughs-White Chevrolet Sales Company from *Olive, Special Judge,* at January Term, 1940, of GUILFORD. Affirmed.

*Frazier & Frazier for plaintiff, appellee.*
*C. L. Shuping and G. C. Hampton, Jr., for defendant, appellant.*

DEVIN, J. This case involves the validity of the service of summons upon the Burroughs-White Chevrolet Sales Company, a nonresident of the State, in an action to recover damages for a personal injury alleged to have been caused the plaintiff by defendant's automobile, on a highway in North Carolina.

The summons and complaint were served, in accordance with the provisions of chapter 75, Public Laws 1929 (Michie's Code, sec. 491 [a]), upon the Commissioner of Revenue of North Carolina, as the agent for service of the nonresident defendant. The Act of 1929 authorizes service of summons upon the Commissioner of Revenue as the agent for service of a nonresident who uses the highways of the State for the operation of a motor vehicle, in any action growing out of the operation of the motor vehicle "by him, for him, or under his control or direction, express or implied." *Wynn v. Robinson,* 216 N. C., 347.

In the court below the defendant entered special appearance and moved to quash the summons, on account of claimed invalidity of service resulting in want of jurisdiction over the defendant. The motion was denied and defendant excepted and appealed.

The court based its ruling upon the following findings of fact: "That at the times complained of the defendant Burroughs-White Chevrolet Sales Company was the owner of the Chevrolet automobile referred to in the complaint and the codefendants had the automobile in question in North Carolina for the purpose of effecting sales in and around Greensboro; that the said codefendants Bouldin and Phillips were employees of the defendant corporation, Phillips serving as an automobile salesman, and that at the time complained of the said salesman was in possession of the automobile in question as agent of the defendant corporation, and while engaged within the scope of his employment."

The findings of fact of the Superior Court upon the motion to dismiss the summons for lack of proper service are conclusive on appeal, if supported by evidence. *Lumber Co. v. Finance Co.,* 204 N. C., 285, 168 S. E., 219.

It was admitted that the automobile by which plaintiff was injured was the property of the appealing defendant, and that one of the persons operating the automobile at the time of the injury, Bill Phillips, was an employee of defendant company, serving as an automobile salesman. In the verified complaint, used as an affidavit, it was stated that "the said Bill Phillips and Curtis Bouldin were in possession of said car, in the prosecution of the business of the defendant Burroughs-White Chevrolet Sales Company to the end that they might sell automobiles for said Burroughs-White Chevrolet Sales Company." It further appeared from one of the affidavits that Bill Phillips, with the permission of the defendant, drove the automobile to the city of Greensboro for the purpose of attempting to sell it to a prospect there.

It would seem therefore that there was evidence presented by the affidavits sufficient to support the findings of fact by the court below, and the conclusion, based thereon, that the automobile, the negligent operation of which was alleged to have caused plaintiff's injury, was at the time being operated for the appealing defendant or under its implied control and direction.

The judgment of the court below denying the motion to dismiss the summons is

Affirmed.