J. C. BLAKE, JR., v. WALKER ALLEN, R. C. SAWYER, AND R. L. COTTINGHAM.

(Filed 5 June, 1942.)

**1. Appeal and Error § 37e—**

Only those findings of fact which are supported by evidence are binding on appeal.

**2. Sheriffs § 2—**

A deputy sheriff is neither the agent, servant nor employee of the sheriff but is a public officer deputized to perform such ministerial duties as are prescribed and directed by law as the *alter ego* of the sheriff, and in the performance of such duties he does not act under the direction and discretion of the sheriff.

**3. Same—**

Under the maxim *delegatus non potest delegare* a deputy sheriff cannot delegate the duties of his office.

**4. Process § 8—Service on nonresident sheriff may not be had by service on Commissioner of Revenue when car was being driven by person engaged by deputy.**

　　The findings of fact by the court supported by the evidence tended to show that a deputy sheriff of the State of South Carolina was traveling through this State to return a prisoner to that State in his own car, which was driven by another whom he engaged to drive the car and to assist in returning the prisoner.　*Held:* The deputy sheriff was without authority to designate another to act for the sheriff, and the driver of the car was not operating same for the sheriff and under the sheriff's direction and control within the purview of Public Laws 1929, ch. 75, and therefore service of process on the sheriff by service on the Commissioner of Reve-·nue under the provisions of the statute is void.

APPEAL by defendant Walker Allen from *Harris, J.,* at October Term, 1941, of CUMBERLAND.

Civil action to recover for injuries sustained in automobile collision resulting allegedly from actionable negligence of defendants.

Summons for defendant Walker Allen, duly issued by clerk of the Superior Court of Cumberland County, North Carolina, on 7 May, 1938, was served on 9 May, 1938, upon A. J. Maxwell, Commissioner of Revenue of North Carolina, under provisions of the statute, section 1 of chapter 75, Public Laws 1929; Michie's North Carolina Code of 1939, section 491 (a).

Defendant Allen upon special appearance moved the court to enter an order dismissing the action as against him for reasons stated to the effect that upon the facts of record he, Allen, is not amenable to process served in the manner here attempted, and that, therefore, the court has acquired no jurisdiction of his person.

The court below, in addition to finding facts as to manner in which summons was served, finds the following facts:

"2. The crossing accident alleged in the complaint is based upon an automobile accident occurring in North Carolina, on or about March 16, 1938, at the intersection of Highways Nos. 15 and 91.　One of the automobiles involved in the accident belonged to the plaintiff, and the other automobile belonged to the defendant, R. C. Sawyer; and, at the time of the accident, was being driven by the defendant, R. L. Cottingham, both of the defendants being in the Sawyer automobile at the time of the accident.

"3. At the time of the accident, the defendant, Walker E. Allen, was a citizen and resident of Dillon County, South Carolina, and was the duly elected, qualified and acting Sheriff of Dillon County, South Carolina, and the defendant, R. C. Sawyer, was a Deputy Sheriff of Dillon County, S. C., duly qualified and acting as such, and under the said Walker E. Allen, Sheriff of Dillon County, South Carolina.　The defendant, Robert L. Cottingham, was not a regular Deputy Sheriff of

Dillon County, South Carolina, but was an employee of Dillon County, South Carolina, and was acting for a particular purpose, to wit: the return of a prisoner from the State of Virginia to South Carolina.

"4. At the time of the accident, the defendant Sawyer and the defendant Cottingham were both citizens and residents of Dillon County, South Carolina; and the defendant, R. C. Sawyer, as a Deputy Sheriff of Dillon County, South Carolina, was on his way to the State of Virginia in pursuance of his authority as Deputy Sheriff under the said Walker E. Allen, Sheriff, and at the request of said Sheriff, and for and on behalf of said Sheriff, to obtain a prisoner for said Sheriff.

"5. That the said defendant, R. C. Sawyer, acting as Deputy Sheriff to the said Walker E. Allen, Sheriff, and with the knowledge and consent of said Walker E. Allen, Sheriff, and for the purpose of procuring for the said Sheriff the prisoner in Virginia, engaged the defendant, Robert L. Cottingham, to drive the automobile to Virginia, and to assist the said R. C. Sawyer as Deputy Sheriff in returning said prisoner to the said Walker E. Allen, Sheriff of Dillon County, South Carolina.

"6. That at the time of the accident, the said Robert L. Cottingham was operating said automobile for and on behalf of said Walker E. Allen, Sheriff, and R. C. Sawyer, Deputy Sheriff of Dillon County, South Carolina, in connection with the official business of said Sheriff and Deputy Sheriff, in securing said prisoner; that said automobile was owned by the defendant, R. C. Sawyer, and was being used by him at the time of said accident in his official capacity as Deputy Sheriff under said Walker E. Allen, Sheriff, and was being used in connection with the business of said Walker E. Allen, Sheriff; that the said Walker E. Allen owned no interest in said automobile."

Upon these findings of fact, and, being of opinion that the automobile involved in the accident was being operated under the provisions of the statutes so as to make the Commissioner of Revenue of the State of North Carolina the agent or attorney for the defendant Walker Allen, Sheriff of Dillon County, South Carolina, and that service of process upon the said Commissioner of Revenue, as agent or attorney for the said Walker Allen, Sheriff, as aforesaid, is valid, the court so adjudged, and entered order denying the motion of said Allen to dismiss the action as against him.

The record fails to show any evidence to support findings of fact (1) that defendant Sawyer, as deputy sheriff, with knowledge and consent of defendant Allen, Sheriff, engaged defendant Cottingham to drive the automobile to Virginia, or (2) that defendant "Cottingham was operating said automobile for and on behalf of said Walker Allen, Sheriff."

Defendant Allen appeals therefrom to the Supreme Court, and assigns error.

*Ellis & Nance and Joyner & Yarborough for plaintiff, appellee.*

*Joe P. Lane, of Dillon, South Carolina, and Rose & Lyon for defendant Allen, appellant.*

WINBORNE, J. The statute, under which plaintiff has attempted to bring defendant Walker Allen, resident and sheriff of Dillon County in the State of South Carolina, into court in this action, Public Laws 1929, ch. 75, is entitled: "An act to provide for service of process in civil suits upon non-resident owners and operators of motor vehicles in actions or proceedings growing out of accidents or collisions in which such motor vehicle owners or operators may be involved." Section 1 of the Act provides that in any action or proceeding against a nonresident "growing out of any accident or collision in which said non-resident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State," service may be obtained through the Commissioner of Revenue. *Smith v. Haughton,* 206 N. C., 587, 174 S. E., 506; *Wynn v. Robinson,* 216 N. C., 347, 4 S. E. (2d), 884; *Crabtree v. Sales Co.,* 217 N. C., 587, 9 S. E. (2d), 23.

Though at the time of the accident here involved, defendant Walker Allen was not operating, or riding in the automobile of defendant Sawyer, the question is whether the automobile was being operated by defendant Cottingham for defendant Allen, or under his control or direction, express or implied. Applying pertinent principles of law to those findings of fact, which are supported by evidence, and binding on appeal, *Crabtree v. Sales Co., supra,* this question must be answered in the negative.

This decision follows the general principle of law that a delegate cannot delegate, *delegatus non potest delegare,* that is, "the person to whom an office or duty is delegated cannot lawfully devolve the duty on another, unless he be expressly authorized so to do." Black's Law Dictionary, 3rd Ed.; *Shankland v. The Mayor of Washington,* 5 Peters, 390, 8 L. Ed., 166; 26 C. J. S., 978.

A deputy, as usually defined, is one who by appointment exercises an office in another's name. He must be one whose acts, done under color of office, are of equal force with those of the officer himself. 26 C. J. S., 978; *Piland v. Taylor,* 113 N. C., 1, 18 S. E., 70; *Styers v. Forsyth County,* 212 N. C., 558, 194 S. E., 305.

In 26 C. J. S., at page 978, it is said: "The position of 'deputy,' as the word implies, is that of a subordinate, and he has power to do every act which his principal might do, but 'a deputy may not make a deputy.'"

Under the law as declared in this State, particularly in the cases of *Borders v. Cline,* 212 N. C., 472, 193 S. E., 826, and *Styers v. Forsyth*

*County, supra,* where the status of a deputy sheriff has been recently considered, the position of a deputy sheriff is a public office, the appointment to which delegates to the deputy authority to perform only ministerial duties imposed upon the sheriff, and in respect to these duties, as stated in the *Styers case, supra,* "he acts as vice principal or *alter ego* of the sheriff, for the sheriff 'and his deputy are, in contemplation of law, one person.' " In the *Borders case, supra,* it is stated that the duties to be performed and the ends to be accomplished are as prescribed and directed by law, and not in accordance with the direction and discretion of the sheriff. The deputy is neither the agent, servant, nor employee of the sheriff. In this connection *Stacy, C. J.,* speaking specifically thereto in the *Styers case, supra,* said: "It is-true that in some of the cases a deputy is loosely spoken of as an 'employee of the sheriff,' or as an 'agent of the sheriff,' but the designation is inexact, and is not to be found in those cases dealing with his precise status."

Accordant with these principles, it follows that in the present case the automobile was being operated for defendant Sawyer, and under his control or direction in the performance of his duties as deputy sheriff, within the purview of the statute, Public Laws 1929, chapter 75, and not for defendant Allen, as sheriff. In respect to those duties Sawyer lacked authority expressly or impliedly to designate another to act in his stead for the sheriff.

The judgment below is

Reversed.