M. V. McCOTTER v. G. M. REEL, Mayor, and J. W. COWELL, J. L. RIGGS, Jr., and COLUMBUS LAND, Constituting the BOARD OF COMMIS- SIONERS OF THE TOWN OF BAYBORO.

(Filed 20 October, 1943.)

1. Statutes § 5a—

The different provisions of Public Laws of 1939, ch. 158, relative to granting license for the sale of beer and wine, are *pari materia* and must be read together as one connected whole.

2. Intoxicating Liquors § 2—

An "on premises" license to sell beer is not available, as a matter of right, to any citizen who may qualify under the provisions of sec. 511, Public Laws 1939, ch. 158. Compulsory issuance thereof is in any event limited to the businesses enumerated in sec. 509. *Inclusio unius est exclusio alterius.*

**3. Same—**

> In applying to a board of town commissioners for an "on premises" license to sell beer, petitioner seeks the right to engage in a business regulated by statutes, which prescribe certain conditions precedent thereto and require the governing body of the municipality to determine the facts upon which issuance of the license depends. Where this body considers the application and denies the license, the presumption is that it found facts sufficient to support its conclusions, and judgment, denying a writ of *mandamus* and dismissing the action, should be entered.

Appeal by defendants from *Frizzelle, J.,* at Chambers at Snow Hill, N. C., 23 June, 1943. Reversed.

Petition for writ of *mandamus.*

On 2 June, 1943, the defendants served notice on the plaintiff that they had information that he was flagrantly violating the law by selling to the public wines and lager beer without license, and directed him to close and to dispose of all beers and wines by twelve o'clock midnight, 4 June, "otherwise the board will proceed to enforce the laws in such matters."

The plaintiff on 9 June filed application with the defendants, the governing board of the town of Bayboro, for a license to sell wine and beer. The application was in the form and contained the information required by statute, except that it did not specify the type of license desired.

On 9 June the defendants wrote the plaintiff as follows:

"The Board of Town Commissioners have met and considered your application for license to sell beer and voted not to issue said license at the present time."

On 10 June plaintiff filed his petition for writ of *mandamus* requiring and compelling the defendants to issue to him a license for the sale of wine and beer as provided by law.

On 14 June warrant was issued against the plaintiff charging him with the sale of beer without applying for or obtaining license therefor. On 15 June the plaintiff appeared in court and entered a plea of guilty of selling beer without a license. Judgment was entered that "the defendant pay the costs, and apply to Town Commissioners for license in a legal way."

When the cause came on to be heard before Frizzelle, J., in Chambers, the court found that the plaintiff had duly filed his application for license to sell beer in the town of Bayboro, and "that in his application he set forth his qualifications required by statute which entitled him to such license; and that the governing board of said town had denied the application. Being of the opinion "that the plaintiff is entitled to have issued a license for the sale of beer for the town of Bayboro," the court entered judgment ordering and requiring the defendants to issue to the

plaintiff an "on premises" license for the sale of beer in accordance with the application filed. The defendants excepted and appealed.

*R. E. Whitehurst for plaintiff, appellee.*

*W. H. Lee for defendants, appellants.*

BARNHILL, J. The plaintiff rests his case primarily on section 513, chapter 158, Public Laws of 1939, which provides that "it shall be mandatory that the governing body of a municipality or county issue a license to any person applying for same when such person shall have complied with the requirements of this article." He takes the position that when he filed his application containing the information required by section 511 he "complied with the requirements of this article," and license must be issued. Apparently, the court below, in concluding "that in his application he set forth his qualifications required by statute, *which entitled him to such license,"* adopted the same view. (Italics supplied.)

This position cannot be sustained. This and other pertinent provisions of the statute, Article VI, chapter 158, Public Laws of 1939, are *pari materia* and must be read together as one connected whole.

(1) A person desiring a license to sell wine or beer at retail must make application to the governing board of the municipality in which the privilege is to be exercised, and the application must disclose the information required by section 511.

(2) Before any such license shall be issued the governing body of the municipality shall satisfy itself that statements required by subsections (1), (2), (3), (4), and (5) are true. Sec. 511.

(3) "On premises" license "shall be issued" for *bona fide* restaurants, cafes, cafeterias, hotels, lunch stands, drug stores, filling stations, grocery stores, cold drink stands, tea rooms, or incorporated or chartered clubs. Sec. 509. Businesses to which "on premises" license "shall be issued" for the sale of wine are even more restricted. Sec. 509½ (1). See ch. 339, Public Laws 1941.

(4) When the municipal board is satisfied that these statutory requirements have been met "it shall be mandatory that it issue the license applied for." Sec. 513.

Considering the facts appearing on this record in the light of these statutory requirements, we are led to the conclusion that plaintiff is not entitled to the relief sought.

While the application for license did not specify the type desired—whether "on premises" or "off premises"—the record seems to make it clear that the petitioner seeks an "on premises" license for the sale of beer. He now admits that he is not entitled to a license to sell wine.

An "on premises" license to sell beer is not available as a matter of right, to any citizen who may qualify under the provisions of section 511. Compulsory issuance thereof is in any event limited to the businesses enumerated in section 509. *Inclusio unius est exclusio alterius.* Petitioner operates a pool room. His is not a *bona fide* restaurant, cafe, or other business designated in the statute. At least it does not so appear. He cannot invoke the mandatory provisions of the act.

Beer is classified as an alcoholic beverage. Sec. 1, ch. 1, Public Laws 1923. Its sale is regulated by Article VI, chapter 158, Public Laws of 1939, enacted "To regulate the manufacture, transportation, and sale of certain beverages," and known as the "Beverage Control Act of one thousand nine hundred and thirty-nine." A violation of the provisions of this statute by selling beer without license is a violation of the prohibition law within the meaning of section 511 thereof. At the time of the hearing it affirmatively appeared that petitioner had been convicted of violating the prohibition law "within two years." Whatever the conditions may have been at the time the board acted, he was disqualified at the time of judgment.

In applying for an "on premises" license to sell beer, petitioner seeks the right to engage in a business regulated by statute. The Legislature has prescribed certain conditions precedent, and it has cast upon the governing body of defendant municipality, as a fact-finding agency, the duty to determine the state of facts upon which the issuance of such license depends. It considered the application and denied the license. The presumption is that it found facts sufficient to support its conclusion. Indeed, the record contains evidence which tends to show that petitioner at the time he made application was engaged in selling beer without license, in open defiance of law, and was maintaining a disorderly place where drinking and gambling were permitted, and which exercised a demoralizing influence in the community—all of which tends to show that it was not one of the enumerated *bona fide* businesses.

The defendants insist, therefore, that in the absence of allegation of capriciousness, bad faith, or disregard of law the Court is without authority to review or reverse the action of the board. *Pue v. Hood, Comr. of Banks,* 222 N. C., 310. While this position is forcefully maintained, with citation of authority, we need not now discuss or decide the question thus presented. For, conceding the authority of the court and viewing the facts in the light most favorable to the petitioner, he has failed to establish a clear legal right to an "on premises" license to sell beer. *Harris v. Board of Education,* 216 N. C., 147, 4 S. E. (2d), 328, and cases cited.

Judgment denying the writ of *mandamus* and dismissing the action must be entered.

Reversed.