STATE OF NORTH CAROLINA ON RELATION OF W. S. DICKEY, H. E. DICKEY, AND E. G. NICHOLS, v. C. L. ALVERSON.

(Filed 28 February, 1945.)

1. **Nuisance § 6—**

The maintenance of a public nuisance is an offense against the State, and upon proper allegation and proof would subject the person who maintained it to indictment.

2. **Nuisance §§ 5, 6—**

There must be an allegation of peculiar injury to person or property of plaintiff resulting from a public nuisance to entitle plaintiff to maintain a civil action therefor.

3. **Nuisance §§ 7, 10, 11—**

The proceeding prescribed by G. S., 19-2, for a civil action by a citizen in the name of the State for injunction, the closing of a place of business, and the seizure and sale of personal property used therewith, must be based upon allegations and proof of prostitution, gambling, or the illegal sale of whiskey as specified in G. S., 19-1.

APPEAL by defendant from *Alley, J.,* at Chambers, 6 September, 1944. From CHEROKEE.

This was a civil action instituted by plaintiffs in the name of the State under G. S., 19-2, to close defendant's place of business and to enjoin the maintenance there of an alleged nuisance.

In the complaint it was alleged, in substance, that defendant operated a place of business in Murphy known as the "Smoke House," where beer and wine were sold and a pool room operated; that the sale of beer and wine caused public drunkenness, profanity and disorder, and the gathering of intoxicated men on the public street outside the Smoke House, so as to constitute a public nuisance; that the loud noise of a music machine disturbs those living in the vicinity, and that beer and wine are sold to minors. Injunction was prayed against the maintenance and operation of this place, the abatement of the nuisance and the seizure and sale of the personal property used in connection therewith.

Temporary restraining order was issued as prayed. Upon the hearing defendant moved to dismiss on the ground that the facts alleged in the complaint were not sufficient to invoke the proceeding under G. S., 19-2. Motion was overruled and defendant excepted.

Evidence was thereupon offered by plaintiffs tending to substantiate the allegations of the complaint, and evidence *contra* by defendant.

The restraining order was modified so as not to apply to defendant's cafe operated in same building, and in all other respects the restraining order was continued to the hearing, and the sheriff directed to retain custody of the personal property seized.

Defendant excepted and appealed.

*Winifred Townson Wells and Edwards & Leatherwood for plaintiffs.*
*J. D. Mallonee, F. O. Christopher, and J. B. Gray for defendant.*

DEVIN, J. The statutes, G. S., 19-1, and G. S., 19-2, under which this action was brought, authorize a civil action in the name of the State upon the relation of a citizen, and permit the issuance of an injunction without bond, the closing of a place of business, and the seizure of the personal property used in connection therewith, upon verified complaint of a nuisance which is therein defined as follows:

"Whoever shall erect, establish, continue, maintain, use, own or lease any building, erection or place used for the purpose of lewdness, assignation, prostitution, gambling or the illegal sale of whiskey, is guilty of a nuisance."

It is apparent that the allegations and proof of acts and conduct which would justify the proceeding here undertaken must point to one of three things, viz.: prostitution, gambling or the illegal sale of whiskey. Neither of these is alleged in the complaint or shown by the evidence. Hence, defendant was entitled to have the restraining order dissolved and the personal property released from custody.

There is no allegation of peculiar injury to person or property of plaintiffs resulting from the public nuisance alleged which would entitle the plaintiffs to maintain a civil action therefor. *Reyburn v. Sawyer,* 135 N. C., 328, 47 S. E., 761; *Hall v. Coach Co.,* 224 N. C., 781. The maintenance of a public nuisance is an offense against the State, and upon proper allegation and proof would subject the person who maintained it to indictment. *S. v. Everhardt,* 203 N. C., 610, 166 S. E., 738; *S. v. Brown,* 221 N. C., 301, 20 S. E. (2d), 286; 39 Am. Jur., 378. But the proceeding prescribed by G. S., 19-2, for a civil action by a citizen in the name of the State for injunction, the closing of a place of business, and the seizure and sale of the personal property used therewith must be based upon allegation and proof of one or more of the specific acts

IN RE WILL OF LOMAX.

·denounced by G. S., 19-1. *Barker v. Palmer,* 217 N. C., 519, 8 S. E. (2d), 610; *Carpenter v. Boyles,* 213 N. C., 432, 196 S. E., 850.

While the plaintiffs' allegations and the affidavits offered disclose undesirable conditions about defendant's place of business, they are not in law sufficient to invoke the statutory procedure here undertaken. Whether the evidence warrants criminal prosecution is a matter for the local authorities.

It may be noted that the sale of beer and wine is permitted under the State law, and license therefor was granted to this defendant by the ·county and municipality under the provisions of G. S., 18-72, *et seq.* The rights of the parties and of the public thereunder are pointed out in *McCotter v. Reel,* 223 N. C., 486.

The order continuing the restraining order and directing retention of ·custody of defendant's personal property must be

Reversed.