DAN FOUST AND THE STATE OF NORTH CAROLINA ON RELATION OF DAN FOUST v. MICHAEL T. HUGHES, JESSE B. SMITH, SARAH W. BOSWELL, JOHN H. STOCKARD, AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND

No. 7315SC267

(Filed 17 April 1974)

1. **False Imprisonment § 2; Indictment and Warrant § 6— action against magistrate — failure to state claim for relief**

   Plaintiff failed to state a claim for relief for false imprisonment against a magistrate by reason of any act of the magistrate in issuing warrants for plaintiff's arrest since a magistrate is an officer of the district court and performs a judicial act in issuing warrants, and a judge of a court of this State is not subject to civil action for errors committed in the discharge of his official duties even when the judge acts maliciously and corruptly. G.S. 7A-170.

2. **Arrest and Bail § 3— warrantless arrest — failure to take defendant before magistrate — liability of magistrate**

   Plaintiff's allegations that his rights under G.S. 15-46 were violated in that he was not taken before a magistrate after his war-

Foust v. Hughes

rantless arrest prior to the issuance of warrants by the magistrate do not state a claim for relief against the magistrate since the statute is directed primarily to the arresting officer.

3. **False Imprisonment § 2; Sheriffs and Constables § 4— action against jailer — failure to state claim for relief**
   Plaintiff's allegations that he was unlawfully arrested by two city police officers and that the officers delivered him into the custody of the county sheriff, who held plaintiff in jail until he was released on bail, failed to state a claim for relief against the sheriff for false imprisonment since the sheriff was merely performing his affirmative duty under G.S. 162-41 "to receive, incarcerate and retain" any prisoner brought to the county jail by any law enforcement officer of any municipality in the county until the prisoner should become entitled to be released in some manner provided by law.

APPEAL by plaintiff from *Cooper, Judge,* 16 November 1972 Session of Superior Court held in ALAMANCE County.

Civil action to recover damages for false arrest, assault, and false imprisonment. In his complaint, plaintiff in substance alleged:

About 5:00 p.m. on 5 September 1971 defendants Hughes and Smith, police officers of the City of Graham, arrested plaintiff without a warrant under circumstances requiring a warrant to make the arrest lawful. They handcuffed plaintiff, beat him, and took him to the Alamance County jail. There they delivered him into custody of defendant Stockard, Sheriff of Alamance County, who held plaintiff in unlawful imprisonment until about 8:30 p.m. on the same day, when plaintiff was released on bail. During his imprisonment plaintiff was in a beaten and bloody condition and in obvious need of medical attention, but defendant Stockard refused to provide any medical assistance despite demands from plaintiff's wife that he do so. While these events were occurring, defendant Boswell was a duly appointed, qualified, and acting Magistrate of the District Court and was on duty at the jail. Defendants Hughes, Smith, and Stockard failed to take plaintiff before a magistrate as required by G.S. 15-46, and in violation of that statute "said defendants procured the defendant Boswell to sign a paper writing purporting to be a warrant for the arrest of the plaintiff Foust on a charge of public drunkenness, and later, in the same unlawful manner, procured the defendant Boswell to add to said purported warrant a charge of illegal possession of tax paid whiskey, and sign a second paper writing purporting to be a warrant for the arrest of the plaintiff Foust on a charge of resisting arrest; and

that the defendant Boswell, knowing that the plaintiff Foust had already been arrested without a warrant and was then being held in jail, failed and neglected to require the plaintiff Foust to be brought before her as required by G.S. 15-46 and thereby continued plaintiff Foust's unlawful imprisonment, without due process of law and in violation of the Constitution of the State of North Carolina and the Constitution of the United States."

Defendant Boswell moved to dismiss pursuant to Rule 12(b)(6) and defendant Stockard and the surety on his official bond moved for summary judgment pursuant to Rule 56. Both motions were allowed and orders were entered dismissing the action as to defendants Boswell, Stockard, and the surety on Stockard's official bond. From these orders, plaintiff appealed.

*Walter G. Green for plaintiff appellant.*

*Attorney General Robert Morgan by Associate Attorney Ann Reed for defendant Boswell, appellee.*

*Smith, Moore, Smith, Schell & Hunter by Larry B. Sitton and James A. Medford for defendants Stockard and Fidelity and Deposit Company of Maryland, appellees.*

PARKER, Judge.

### PLAINTIFF'S APPEAL FROM THE ORDER ALLOWING DEFENDANT BOSWELL'S MOTION TO DISMISS UNDER RULE 12(b)(6)

[1, 2]  Plaintiff alleged that defendant Boswell was at all times mentioned in the complaint "a magistrate of the District Court, duly appointed, qualified and acting as such." A magistrate is an officer of the district court, G.S. 7A-170, and in issuing a warrant a magistrate performs a judicial act. *State v. Matthews,* 270 N.C. 35, 153 S.E. 2d 791. "A judge of a court of this State is not subject to civil action for errors committed in the discharge of his official duties." *Fuquay Springs v. Rowland,* 239 N.C. 299, 79 S.E. 2d 774. "This immunity applies even when the judge is accused of acting maliciously and corruptly, and 'it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" *Pierson v. Ray,* 386 U.S. 547, 18 L.Ed. 2d 288, 87 S.Ct. 1213. Thus, plaintiff failed to state a claim upon which relief can be granted by

reason of any act of the magistrate in issuing the warrants. Nor do plaintiff's allegations that his rights under G.S. 15-46 were denied serve to strengthen his claim against the magistrate. That statute is directed primarily to the arresting officer, and the facts alleged in this case furnish no basis to support a claim against the magistrate. Defendant Boswell's motion to dismiss was properly allowed.

## PLAINTIFF'S APPEAL FROM THE ORDER ALLOWING DEFENDANT STOCKARD'S MOTION FOR SUMMARY JUDGMENT UNDER RULE 56

The affidavits filed in support and in opposition to the motion for summary judgment were in conflict as to whether Sheriff Stockard's deputies offered plaintiff medical assistance at the jail. However, a question of fact which is immaterial does not preclude summary judgment, and in this case the question whether plaintiff was, or was not, offered medical assistance at the jail is immaterial. Plaintiff alleged no damages as result of any failure to provide him with medical assistance.

[3] Plaintiff did allege a claim for damages against the sheriff for false imprisonment. In this connection there was no genuine issue as to any material fact. As one of the duties of his office, Sheriff Stockard was the jailer of the Alamance County jail. As such, the duty was imposed upon him by statute, G.S. 162-41 (formerly codified as G.S. 153-190.1), "to receive, incarcerate and retain any prisoner brought to such county jail by any law-enforcement officer of such county or of any municipality in such county." Plaintiff was brought to the jail as a prisoner by two police officers of the City of Graham, a municipality in Alamance County. When this occurred the sheriff's duty was fixed by the statute. He had no discretion in the matter, but was under an affirmative duty "to receive, incarcerate and retain" the plaintiff until plaintiff should become entitled to be released in some manner provided by law. On the undisputed facts, this is all that the sheriff did in this case. No valid claim for relief may be maintained against him for complying with his statutory duty.

There being no genuine issue as to the material facts which establish that defendant Stockard and the surety on his official bond were entitled to judgment as a matter of law, their motion

for summary judgment dismissing plaintiff's action as to them was properly allowed.

The orders appealed from are

Affirmed.

Chief Judge Brock and Judge Britt concur.