STATE OF NORTH CAROLINA ON RELATION OF DONALD M. JACOBS, DISTRICT ATTORNEY OF THE EIGHTH JUDICIAL DISTRICT, PLAINTIFF v. WILMAN E. SHERARD, SINGLE; AND LOLA SHERARD CRAWFORD, WIDOW, DEFENDANTS AND THIRD PARTY PLAINTIFFS v. DONALD M. JACOBS, JAMES SASSER, ROBERT E. DAVIS, DAVID CARL WILEY, KENNETH PENNINGTON, DONALD PARKER, LEROY LOCKLAIR, WILLIAM TILGHMAN, AND BILL UZZELL, THIRD PARTY DEFENDANTS

No. 778SC362

(Filed 18 April 1978)

1. Nuisance § 10— abatement of public nuisance—ex parte order of removal from premises

   In an action to abate a public nuisance, the trial court had no authority to issue an *ex parte* order directing officers to remove defendants from possession of the premises since an order of abatement may be entered only in a final judgment after the existence of the nuisance has been admitted or established. Former G.S. 19-5.

2. Nuisance § 10; Solicitors § 1— abatement of public nuisance—duty of district attorney

   The district attorney had the authority and duty to maintain an action to abate a public nuisance created by defendants' use of their dwelling for the sale of taxpaid liquor.

3. Public Officers § 9.1; Solicitors § 1— official action by district attorney—absolute immunity

   The district attorney who brought an action to abate a nuisance created by defendants' use of their residence for the sale of taxpaid liquor was protected by absolute immunity against a suit brought by defendants based on the district attorney's procurement of an illegal *ex parte* judicial order entered prior to trial removing defendants from possession of their residence.

4. Public Officers § 9.1— action by officers under illegal court order—qualified immunity

   Law officers who ejected defendants from their residence pursuant to an illegal *ex parte* order entered in an action to abate a nuisance created by defendants' use of their residence for the sale of taxpaid liquor were protected by qualified immunity against a suit by defendants based on the wrongful ejectment where the officers acted pursuant to an order valid on its face.

APPEAL by Third Party Plaintiffs from *Smith, Judge (David I.)*. Order entered 4 March 1977, Superior Court, WAYNE County. Heard in the Court of Appeals 9 February 1978.

For the State the original plaintiff, District Attorney Jacobs, instituted action to abate a public nuisance action under G.S.

Jacobs v. Sherard

19-2.1 against defendants on the grounds that defendants were using their residence to sell taxpaid alcoholic beverages and that the residence was maintained so as to encourage the congregation of drunken and disorderly persons. The complaint prayed that defendants (1) be restrained "from maintaining, residing in, and operating the said dwelling house . . ." and (2) "from continuing to reside in and operating as described above the aforesaid dwelling house and property; . . ." The complaint was supported by affidavits of four law enforcement officers, three of whom were subsequently made third party defendants. On 29 April 1976, Judge Small held an *ex parte* hearing, found that the premises constituted a nuisance, and issued an order restraining defendants from using their residence "so as to constitute a nuisance," and removing defendants from possession of their residence. On 3 May 1976 Judge Small, upon motion of defendants, rescinded that part of the 30 April order directing the ejectment of defendants because "the provisions of Chapter 19 of the General Statutes of North Carolina do not authorize the above portion of the Order except after a final judgment on the merits."

The defendants then filed a third party complaint naming as third party defendants District Attorney Jacobs, the original plaintiff, and the officers who boarded and padlocked the premises, and alleging that the third party defendants had maliciously prosecuted them in seeking the removal injunction and had trespassed upon their property in order to enforce the maliciously motivated removal, and praying for actual and punitive damages. District Attorney Jacobs singly and the other third party defendants jointly made motions to dismiss the third party complaint for failure to state a claim upon which relief could be granted because all third party defendants were immune from such action. After hearing on 4 March 1977, the court granted the motions of the third party defendants and dismissed the third party complaint with prejudice. From this order defendants, as third party plaintiffs, appeal.

*Attorney General Edmisten by Special Deputy Attorney General Jacob L. Safron for defendant appellee Jacobs.*

*Herbert B. Hulse for defendant and third party plaintiff appellants.*

*Taylor, Warren, Kerr & Walker by Robert D. Walker, Jr. for third party defendant appellees.*

CLARK, Judge.

[1]   The trial court had the authority under G.S. 19-2 to issue an *ex parte* temporary "writ of injunction" preserving the status quo and restraining the defendants from removing or interfering with the contents of the place where the nuisance was alleged to exist.

But the trial court had no authority to issue an *ex parte* order directing law officers "to forthwith remove the said defendants from the possession of the said premises, . . ." A trial court has authority to enter an order of abatement only in a final judgment after the existence of the nuisance has been admitted or established. G.S. 19-5.

The trial court upon motion by original defendants recognized its error and corrected its original order of 29 April 1976 with its order of 3 May 1976. The complaint filed by District Attorney Jacobs for the State prayed that the court "properly enjoin and restrain the defendants from maintaining, *residing in*, and operating the said dwelling house. . . ." (Emphasis added.) It is noted that there was no prayer that this relief be granted in an *ex parte* temporary restraining order. However, original defendants allege in their complaint that District Attorney Jacobs in obtaining the order acted with malice toward the third party plaintiffs, and to "humiliate, vex and to illegally seize the property . . . casting them out into the streets." In ruling on the motions of third party defendants to dismiss the complaint for failure to state a claim upon which relief could be granted under Rule 12(b)(6), all well-pleaded allegations of the complaint are taken to be true. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970).

All of the third party defendants claim immunity from damages for actions committed in the discharge of their official duties.

[2]   Before discussing the question of immunity, it is appropriate that the kind and nature of this action against the third party defendants be examined. District Attorney Jacobs initiated the padlock proceeding against the original defendants. Under G.S. 19-2 such proceeding may be maintained by "the district attorney or any citizen. . . ." The proceeding is a civil action which may be instituted by a citizen in the name of the State, and it must be based upon allegation and proof of the specific acts denounced by

G.S. 19-1. *State v. Alverson*, 225 N.C. 29, 33 S.E. 2d 135 (1945). If instituted by a private citizen, the court may order the District Attorney to prosecute the action to judgment. G.S. 19-3. The case *sub judice* is based on the allegation that the dwelling house was being used and operated by defendants as a place to sell tax paid whiskey. This is an act denounced by G.S. 19-1, and a public nuisance, *State v. Brown*, 221 N.C. 301, 20 S.E. 2d 286 (1942); it is also a violation of the criminal law. G.S. 18A-25. Under the circumstances the District Attorney not only had authority to maintain the action but it was his implied duty to do so as an advocate of the State's interest in the protection of society. *See* G.S. 7A-61, and *State v. Best*, 280 N.C. 413, 186 S.E. 2d 1 (1972).

The third party complaint is based not on malicious prosecution, but on the wrongful ejectment of the original defendants from their residence by District Attorney Jacobs who obtained the illegal order, and by the law officers who in executing the order went to the premises, required original defendants to vacate the premises, and then boarded up and padlocked the residence. *See* Prosser, Torts, 1971 Ed., Misuse of Legal Procedure, § 121, p. 856. This ejectment of the original defendants was done pursuant to the *ex parte* order of the trial judge. A temporary restraining order removing them from their residence was not authorized under G.S. 19-1 and was in violation of Due Process; such removal could have been validly ordered by the trial judge under G.S. 19-5 only when the nuisance had been established after due notice and hearing or trial. But it is not alleged in the third party complaint that this invalid *ex parte* restraining order was entered by the trial judge pursuant to a conspiracy between the trial judge and any one or more of the third party defendants, or that the third party defendants by fraud or undue influence had the trial judge issue the removal order. So in the case *sub judice* the claim of immunity is supported by the order of the trial judge which, though invalid, was made within the scope of his judicial duty and served to insulate the alleged wrongful conduct of the third party defendants.

We note that G.S. 19-2 was repealed effective 1 August 1977, and replaced by G.S. 19-2.1 through G.S. 19-2.5, which more sharply defines padlock procedures and the authority of the trial court to enter the temporary restraining order and preliminary injunction. And the last sentence of G.S. 19-2.1, effective 1 August 1977,

provides, in part, that "no action shall be maintained against the public official for his official action." Those replacement statutes are not applicable to the proceeding before us which was instituted on 30 April 1976, and the alleged illegal conduct in removing original defendants from their residence occurred a few days thereafter.

[3] Though the statutory provision for absolute immunity to the District Attorney is not applicable to the proceeding before us, the provision accurately states the law, which has established absolute immunity for a district attorney acting in his official capacity. No officer, of course, as *Prosser* points out "is absolved from liability for his private and personal torts merely because he is an officer, and the question arises only where he performs, or purports to perform, his official functions." Prosser, Torts, 1971 Ed., Immunities, § 132, p. 987. The policy behind granting any immunity at all to public officers, judicial or otherwise, is stated in *Prosser, supra,* as follows:

> "The complex process of legal administration requires that officers shall be charged with the duty of making decisions, either of law or of fact, and acting in accordance with their determinations. Public servants would be unduly hampered and intimidated in the discharge of their duties, and an impossible burden would fall upon all our agencies of government if the immunity to private liability were not extended, in some reasonable degree, to those who act improperly, or exceed the authority given. The development of a system of administrative law, insuring a reasonable opportunity to be heard before action is taken, and resulting in effect in the creation of a subordinate body of courts, affords a strong argument for the recognition of an immunity in the individual officers concerned."

Judges and judicial officers have always been awarded "absolute" immunity for their judicial acts. Absolute immunity covers even conduct which is corrupt, malicious or intended to do injury. *Foust v. Hughes*, 21 N.C. App. 268, 204 S.E. 2d 230, *cert. den.* 285 N.C. 589, 205 S.E. 2d 722 (1974); *Prosser, supra.* Prosecutorial immunity is likewise absolute because it is really but a particular manifestation of judicial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed. 2d 128 (1976); *McCray v.*

*Maryland*, 456 F. 2d 1 (4th Cir. 1972); *Mazzucco v. Board of Medical Examiners*, 31 N.C. App. 47, 228 S.E. 2d 529 (1976); Prosser, Torts, 1971 Ed., Misuse of Legal Procedure, § 119, pp. 837-838. Contending that prosecutorial immunity may be only "qualified," or malice-destroyed, defendant relies on the following language in *State v. Swanson*, 223 N.C. 442, 444, 27 S.E. 2d 122, 123 (1943):

> "[I]n cases where a public officer, even judicial or *quasi*-judicial, instead of acting in an honest exercise of his judgment, acts corruptly or of malice, such officer is liable in a suit instituted against him by an individual who has suffered special damage by reason of such corrupt and malicious action. . . ."

However, the public officer in *Swanson* was a sheriff, a "public officer" acting judicially and not a district attorney, who is a specially classed and privileged "judicial officer." *Swanson's* grant of only qualified immunity to public officers does not affect the general grant of absolute immunity to district attorneys. District Attorney Jacobs is clearly protected, and the trial court properly dismissed the third party complaint against him.

[4] The other third party defendants are law enforcement officers and as such are "public officers." *Blake v. Allen*, 221 N.C. 445, 20 S.E. 2d 552 (1942). Public officers enjoy no special immunity for unauthorized acts, or acts outside their official duty. *Gallimore v. Sink*, 27 N.C. App. 65, 218 S.E. 2d 181 (1975). In examining appellants' contention that their third party complaint against the public officers should not have been dismissed we must decide whether appellants' complaint alleges that these officers acted outside their official duty in carrying out the removal order of the trial court.

The officers cannot be deemed to act maliciously when they enforce a court order that is valid on its face. They are not to be expected to go behind the face of the order. *Greer v. Broadcasting Co.*, 256 N.C. 382, 124 S.E. 2d 98 (1962); *Alexander v. Lindsey*, 230 N.C. 663, 55 S.E. 2d 470 (1949). It is generally held that public officers are acting "ministerially," and are qualifiedly immune even when:

> "[A]cting under an unconstitutional statute, which can confer no jurisdiction at all, the courts are being driven slowly to

the view that the officer cannot be required to determine legal questions which would often perplex a court, and that if he has acted in good faith he should not be liable." *Prosser, Torts,* 1971 Ed., Immunities, § 132, p. 991.

See also *Prosser, supra,* Note 22, and law review articles cited therein.

In paragraph 27 of their third party complaint the appellants sum up their allegation against the law officer defendants as follows:

"27. That the other named defendants have evidenced their malice toward the third party plaintiffs by their zeal in which they undertook the padlocking of the premises and statements they have made in the presence of the third party plaintiffs, and by their total failure to assist or offer to assist in mitigating the damages suffered by the third party plaintiffs when the order of May 3, 1976, was entered placing them back into their dwelling house."

But there is no allegation that the law officers exceeded their authority or acted outside the scope of the duty imposed upon them by the removal order of the trial court. Though the removal order was in excess of the court's authority, the acts of the law officers in carrying out the court order were not "illegal and unlawful," as alleged. And if they acted within the scope of their duty, it does not subject them to liability if they acted with "zeal" or made statements in the presence of appellants indicating joy in carrying out their duties.

We find that the third party defendants are protected against the allegation in the complaint by their plea of immunity, District Attorney Jacobs by his absolute immunity, and the law enforcement officers by their qualified immunity.

The order dismissing the third party complaint with prejudice is

Affirmed.

Judges MORRIS and MITCHELL concur.