WILLIAM WRAY WHITE, JR., Plaintiff-Appellant v. FRANKIE C. WILLIAMS, SHELBY F. NEWCOMB, CHRISTY A. DAVIS, THURMAN B. HAMPTON, ROBERT F. HODGES, JOHN R. AMAN, Defendant-Appellees

No. 9218SC516

(Filed 7 September 1993)

**Public Officers and Employees § 68 (NCI4th)— subpoena returned "unable to contact"—driver's license suspended—action against state employees as individuals**

The trial court did not err by granting a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff appealed to the Rockingham County Superior Court from a judgment against him in a traffic offense; the clerk's office issued a subpoena for the date of the hearing; the subpoena was returned "unable to contact"; a deputy or assistant clerk communicated to DMV that plaintiff had failed to appear for his hearing; DMV issued an order suspending his license and driving privileges as of 30 July 1991; plaintiff repeatedly met with the clerk of court, the district attorney, an assistant attorney general, and an

official from DMV in an effort to correct the error; the error was not corrected and plaintiff's license was suspended; and plaintiff brought this action against the state employees involved in their individual capacities seeking compensatory and punitive damages. The district attorney and assistant district attorney are granted absolute immunity for actions taken in their official capacities and the other defendants did what was required of them by law. By notifying DMV that plaintiff had failed to appear, defendants performed a ministerial act as directed by N.C.G.S. § 20-24.2 and the docket entry sheet for the official court file, and, upon receipt of notice from a court, N.C.G.S. § 20-24.1(a)(1) requires DMV to revoke the driver's license. DMV cannot restore the license without notice from the court.

**Am Jur 2d, Public Officers and Employees § 358 et seq.**

Appeal by plaintiff from orders entered 2 December 1991 and 28 January 1992 by Judge Joseph R. John in Guilford County Superior Court. Heard in the Court of Appeals 26 April 1993.

Plaintiff filed this action seeking compensatory and punitive damages against seven state employees in their individual capacities. The trial judge dismissed the action and plaintiff appeals.

*William Wray White, Jr., appearing Pro Se.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Bryan E. Beatty, for defendant appellees Hodges and Aman.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Floyd M. Lewis, for defendant appellees Williams, Newcomb and Davis.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Jacob L. Safron, for defendant appellees Hampton and Hunter.*

ARNOLD, Chief Judge.

The sole issue here is was plaintiff's complaint legally sufficient to state a cause of action against seven state employees in their individual capacities. We hold that it was not and affirm the trial court's order.

The test on a Rule 12(b)(6) motion is whether or not the complaint is legally sufficient. *Tennessee v. Environmental Management Comm'n*, 78 N.C. App. 763, 765, 338 S.E.2d 781, 782 (1986). In ruling upon the motion, the trial court must view the allegations of the complaint as admitted and on that basis must determine as a matter of law whether or not the allegations state a claim for which relief may be granted. *Id.*

Plaintiff alleged the following in his complaint: Plaintiff appealed to the Rockingham County Superior Court from a judgment entered against him for a traffic offense. The clerk's office issued a subpoena for the date of the appeal hearing. The signature of defendant Shelley F. Newcomb, a deputy or assistant clerk, appeared on the subpoena. It was returned and stamped "unable to contact." Defendant Christy A. Davis, a deputy or assistant clerk, communicated to the North Carolina Department of Motor Vehicles (DMV) that plaintiff failed to appear for his hearing.

As a result, DMV issued an order suspending plaintiff's license and driving privileges indefinitely as of 30 July 1991. After plaintiff received the order, he immediately wrote a letter to DMV denying that he ever received notice of the hearing. Soon thereafter, he sent a copy of the subpoena to defendant John R. Aman, an assistant director of DMV, and asked that the suspension be withdrawn. Aman responded that DMV would withdraw the order if the clerk of court would document, before 30 July 1991, that the communication to DMV was in error. Plaintiff went to the office of defendant Frankie Williams, clerk of court, and presented his situation to her. Although she conceded that plaintiff did not receive notice, she refused to send a letter to DMV. Williams then took plaintiff to meet with defendant Thurman B. Hampton, district attorney for Rockingham County. Hampton refused to reopen plaintiff's case which had been "dismissed with leave" by Belinda Foster Hunter, assistant district attorney.

Plaintiff then met with Aman, who advised him to go to the Attorney General's office. After meeting with an assistant attorney general, plaintiff met again with Aman and was led to believe the order would be rescinded. On 26 July 1991, however, a DMV hearing officer advised plaintiff that his license would be suspended on 30 July 1991. Plaintiff then wrote to Aman and again requested that the order be withdrawn. Plaintiff visited Williams and again requested that she communicate with DMV. "She adamantly and

arrogantly refused to do so, saying 'DMV could read the file as well as she could.'" Plaintiff then visited Hampton's office. He also refused to write to DMV on plaintiff's behalf.

On 29 July 1991, plaintiff filed an action seeking to restrain DMV from enforcing its order suspending his license and driving privileges. On 30 July 1991, DMV suspended his license and driving privileges.

Plaintiff alleged that defendants Hampton and Foster Hunter acted wilfully, intentionally, and in reckless disregard of his rights by entering a dismissal with leave based on his failure to appear, "knowing full well" that he never received notice to appear. Plaintiff further alleged that defendant Hampton acted wilfully, intentionally, and in reckless disregard of plaintiff's rights in failing to correct the error upon which the dismissal with leave was entered after he was aware of the error, and in refusing to put his decision not to reopen the dismissal with leave in writing after he was aware of the need to reopen the case.

Hampton, district attorney, and Foster Hunter, assistant district attorney, are granted absolute immunity for actions taken in their official capacities. *See State ex rel. Jacobs v. Sherard*, 36 N.C. App. 60, 64, 243 S.E.2d 184, 188, *disc. review denied*, 295 N.C. 466, 246 S.E.2d 12 (1978). "Absolute immunity covers even conduct which is corrupt, malicious or intended to do injury." *Id.* Therefore, the trial judge properly dismissed plaintiff's action against these defendants.

It is unnecessary to address whether or not the remaining defendants are entitled to immunity because the complaint fails to state facts which support a viable claim against them. A complaint may be dismissed if the pleadings disclose an insurmountable bar to recovery. *Carolina Wire & Cable, Inc. v. Finnican*, 46 N.C. App. 87, 90, 264 S.E.2d 138, 139 (1980). Here, plaintiff alleges facts that disclose such an insurmountable bar to recovery.

Williams, Newcomb, and Davis did what was required of them by law. N.C. Gen. Stat. § 20-24.2(a)(1) (1989) provides that "[t]he court *must report* to the Division [of Motor Vehicles] the name of any person charged with a motor vehicle offense . . . who . . . [f]ails to appear to answer the charge as scheduled . . . ." (Emphasis added.) Williams, Newcomb, and Davis had no discretion in notifying the DMV. By notifying DMV that plaintiff failed to

WHITE v. WILLIAMS

[111 N.C. App. 879 (1993)]

appear, defendants performed a ministerial act as directed by G.S. § 20-24.2 and the docket entry sheet for the official court file. Plaintiff states in his complaint that the entry "F.T.A. [Failed to Appear] Notify DMV" appears on the docket entry sheet in the official court file, dated 11 January 1991. Defendants had no authority to disregard the entry sheet.

Similarly, Hodges and Aman had no discretion in revoking plaintiff's license. Upon receipt of notice from a court, N.C. Gen. Stat. § 20-24.1(a)(1) (1989) requires DMV to revoke the driver's license. DMV cannot restore the license without notice from the court. N.C. Gen. Stat. § 20-24.1(b) (1989). Plaintiff alleges in his complaint that DMV suspended his license "after being notified to do so." Aman and Hodges had no discretion in this action.

Because plaintiff alleged facts in his complaint that necessarily defeat his claim, the complaint was properly dismissed by the trial court. The trial court's order is, therefore, affirmed.

Our legal disposition of this case should not hide our feeling that what happened to Mr. White was outrageous and shameful. Mistakes will happen. But in this case someone could have, and someone should have, corrected the mistake. We wonder how quickly the error would have been corrected if the district attorney, assistant district attorney, clerk of court or assistant director of D.M.V. had been in the shoes of William Wray White, Jr.

Affirmed.

Judges COZORT and LEWIS concur.