DAVIS, Judge.
James E. Price appeals from the trial court's orders denying his petitions to sue as an indigent. After a thorough review of the record and applicable law, we affirm.
Factual and Procedural Background
At all times relevant to this appeal, Price was a detainee in the Durham County jail awaiting trial on a charge of taking indecent liberties with a child. He was arrested on 14 October 2015 in the middle of the night after his roommate, Anthony Phoenix, called law enforcement officers to report him for indecent exposure. That same day, Magistrate D.C. Robinson signed a warrant for his arrest that charged Price with taking indecent liberties with a child.
On 14 July 2016, Price wrote a letter from jail requesting to meet with a magistrate in order to charge Phoenix with burglary of several personal possessions that Price had left in his bedroom after arrest. The following day, Chief Magistrate Don Paschall informed Price that he was "not allowed to issue warrants for arrest on felonies without a law enforcement involvement in the investigation" and that his "office cannot make law enforcement officers take the case."
On 27 June 2017, Price submitted a handwritten petition for suspension or removal of Magistrate Robinson, contending that her removal was necessary because she had sua sponte issued a warrant for his arrest on 14 October 2015 in violation of his constitutional and statutory rights. On 30 June 2017, Price submitted a handwritten petition for a writ of mandamus , demanding that Magistrate Paschall and another magistrate-Magistrate Willis-issue a warrant for the arrest of Phoenix.
On 20 July 2017, Price filed two petitions to sue as an indigent. The first was in connection with his petition for the suspension or removal of Magistrate Robinson, and the second concerned his petition for writ of mandamus against Magistrates Paschall and Willis. On each of these petitions to sue as an indigent, Price checked boxes stating that he was "financially unable to advance the required costs for the prosecution of this action" but that he "[was] not a recipient of SNAP/food stamps, TANF, or SSI, nor ... represented by legal services ...." He also submitted an affidavit in which he stated that he owned real estate valued at $72,000 and had not received food stamps since he was arrested.
That same day, Price's petitions to sue as an indigent were denied by the Honorable James E. Hardin in Durham County Superior Court based, in part, on Judge Hardin's determination that Price's substantive petitions were frivolous. Price filed a timely notice of appeal.
Analysis
We review the denial of motions to file as an indigent for abuse of discretion. Griffis v. Lazarovich , 164 N.C. App. 329, 331, 595 S.E.2d 797, 799 (2004). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." Davis v. Davis , 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citation and quotation marks omitted).
N.C. Gen. Stat. § 1-110 states as follows:
(a) Subject to the provisions of subsection (b) of this section with respect to prison inmates, any superior or district court judge or clerk of the superior court may authorize a person to sue as an indigent in their respective courts when the person makes [an] affidavit that he or she is unable to advance the required court costs. The clerk of superior court shall authorize a person to sue as an indigent if the person makes the required affidavit and meets one or more of the following criteria:
(1) Receives electronic food and nutrition benefits.
(2) Receives Work First Family Assistance.
(3) Receives Supplemental Security Income (SSI).
(4) Is represented by a legal services organization that has as its primary purpose the furnishing of legal services to indigent persons.
(5) Is represented by private counsel working on the behalf of or under the auspices of a legal services organization under subdivision (4) of this section.
....
A superior or district court judge or clerk of superior court may authorize a person who does not meet one or more of these criteria to sue as an indigent if the person is unable to advance the required court costs. The court to which the summons is returnable may dismiss the case and charge the court costs to the person suing as an indigent if the allegations contained in the affidavit are determined to be untrue or if the court is satisfied that the action is frivolous or malicious.
(b) Whenever a motion to proceed as an indigent is filed pro se by an inmate in the custody of the Division of Adult Correction of the Department of Public Safety, the motion to proceed as an indigent and the proposed complaint shall be presented to any superior court judge of the judicial district. This judge shall determine whether the complaint is frivolous. In the discretion of the court, a frivolous case may be dismissed by order. The clerk of superior court shall serve a copy of the order of dismissal upon the prison inmate. If the judge determines that the inmate may proceed as an indigent, the clerk of superior court shall issue service of process nunc pro tunc to the date of filing upon the defendant.
N.C. Gen. Stat. § 1-110 (2015).[1]
Each of the forms utilized by Price contained a set of boxes that allowed him to indicate whether his petitions fell under the provisions of subsection (a). These boxes allowed Price to designate whether he was (1) receiving food and nutrition benefits; (2) receiving Work First Family Assistance; (3) receiving Supplemental Security Income; or (4) represented by an organization or person associated with furnishing legal services to indigent persons. Price did not check any of these boxes.
Each form also contained two sets of boxes with blank spaces available for the trial court to indicate whether it was granting or denying the petition. The first set of boxes was titled "Order" and contained language similar to the wording used in N.C. Gen. Stat. § 1-110(a). The second set of boxes was titled "Order-DAC Inmates" and contained language similar to that used in N.C. Gen. Stat. § 1-110(b).
Judge Hardin denied Price's petition by filling in and signing the portion of the form order relating to subsection (b) as opposed to the portion relating to subsection (a). In an attempt to clarify that Price was not a prison inmate but rather was being held at the Durham County jail, Judge Hardin crossed out language stating that Price was an inmate in the custody of the "Division of Adult Correction" and wrote in that Price was an inmate "in the custody of the Durham County Jail."
Because Price was not an inmate of the Division of Adult Correction, however, the trial court erred in determining that this case fell under N.C. Gen. Stat. § 1-110(b). By its plain language, N.C. Gen. Stat. § 1-110(b) does not apply to inmates of a county jail but rather applies solely to inmates of the Division of Adult Correction.
Nevertheless, despite this error, Price has failed to demonstrate that the trial court abused its discretion by denying his petitions. Price did not check any of the boxes in the "Affidavit" section to indicate that he fell under any of the five enumerated provisions of subsection (a) of N.C. Gen. Stat. § 1-110. Instead, he only checked the boxes stating that he was otherwise unable to advance the costs of filing the action.
In cases where a petitioner does not meet one or more of these five enumerated provisions, the final paragraph of N.C. Gen. Stat. § 1-110(a) authorizes a judge or the clerk of superior court to either authorize the petitioner to sue as an indigent or, alternatively, to dismiss the petition "if the allegations contained in the affidavit are determined to be untrue or if the court is satisfied that the action is frivolous or malicious." N.C. Gen. Stat. § 1-110(a) (emphasis added). Here, the trial court found that Price's petitions were frivolous because he possessed no legal right to his requested forms of relief.
With respect to his first petition, Price lacked the ability to remove a magistrate based on the magistrate's act of signing his arrest warrant. N.C. Gen. Stat. § 7A-173 provides for the manner in which a magistrate may be suspended or removed from office.
(a) A magistrate may be suspended from performing the duties of his office by the chief district judge of the district court district in which his county is located, or removed from office by the senior regular resident superior court judge of, or any regular superior court judge holding court in the district or set of districts as defined in G.S. 7A-41.1(a) in which the county is located. Grounds for suspension or removal are the same as for a judge of the General Court of Justice.
(b) Suspension from performing the duties of the office may be ordered upon filing of sworn written charges in the office of clerk of superior court for the county in which the magistrate resides. If the chief district judge, upon examination of the sworn charges, finds that the charges, if true, constitute grounds for removal, he may enter an order suspending the magistrate from performing the duties of his office until a final determination of the charges on the merits.
N.C. Gen. Stat. § 7A-173 (2017). A magistrate "may be censured or removed from office for (1) willful misconduct in office, (2) willful and persistent failure to perform his duties, (3) habitual intemperance, (4) conviction of a crime involving moral turpitude, or (5) conduct prejudicial to the administration of justice that brings the judicial office into disrepute." In re Kiser , 126 N.C. App. 206, 208, 484 S.E.2d 441, 442 (1997) (citation omitted).
Price has not cited any authority for the proposition that a magistrate may be removed from office for the performance of a judicial act such as signing an arrest warrant. See State v. Matthews , 270 N.C. 35, 39, 153 S.E.2d 791, 795 (1967) (holding that "[t]he issuance of a warrant of arrest is a judicial act"). Thus, Price had no legal basis to demand the removal of Magistrate Robinson based simply on her signing of Price's arrest warrant.
Regarding his second petition, a writ of mandamus cannot be used to demand that a magistrate issue an arrest warrant. "It is well settled law that mandamus cannot be invoked to control the exercise of discretion of a ... court when the act complained of is judicial ...," Moody v. Transylvania County , 271 N.C. 384, 390, 156 S.E.2d 716, 720 (1967), and "in issuing a warrant a magistrate performs a judicial act[,]" Foust v. Hughes , 21 N.C. App. 268, 270, 204 S.E.2d 230, 231, cert. denied , 285 N.C. 589, 205 S.E.2d 722 (1974). Thus, Price had no clear legal right to compel the issuance of an arrest warrant for Phoenix.
Thus, the trial court did not abuse its discretion in determining that Price's substantive petitions were frivolous. For this reason, the court was authorized to deny his petitions to sue as an indigent under N.C. Gen. Stat. § 1-110(a).
Conclusion
For the reasons stated above, we affirm the trial court's 20 July 2017 orders.
AFFIRMED.
Report per Rule 30(e).
Judges STROUD and ARROWOOD concur.

Since the filing of Price's petitions, section (b) of this statute has been amended to include inmates in the custody of the Division of Juvenile Justice of the Department of Public Safety. See 2017 N.C. Sess. Laws 11, 12, ch. 186, § 2(a) (codified at N.C. Gen. Stat. § 1-110(b) (2017) ). However, the above-quoted statutory provisions were in effect at the time of the filing of his petitions and the trial court's 20 July 2017 orders.